T. J. FREEMAN, RECEIVER OF INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY, v. FELIX ORTIZ.

No. 2280.  Decided February 12, 1913.

1.—Trial—Right to Hearing.

The right to a hearing is fundamental, and, as administered in the courts, requires a judicial examination of every issue duly tendered, that, according to established procedure, may affect the attainment of a legal trial and in such trial determine the cause according to law.  The court is confined to the testimony presented, and may not, by any means of judicial knowledge, consult the facts of another case in arriving at its judgment.  (Pp. 2, 3.)

2.—Same—Limits of Right.

The principle securing to a party a right of hearing in each case is not conclusive in the determination of a matter that in nowise involves the merits or their trial, but concerns solely a condition which affects a party generally, and his obtaining a fair trial, not merely in the particular case, but in any case.  The decision of such a question, as applied to a given time, necessarily determines it, for such time, with reference to any trial to which he may be a party, unless further or different proof is proposed to be offered.  (P. 3.)

3.—Same—Change of Venue—Case Stated.

Defendant presented a motion for change of venue on the statutory ground, supported by affidavits, that defendant could not obtain a fair trial in that county by reason of prejudice and a combination of influential persons against him.  This was controverted by plaintiff.  The court refused to hear evidence offered by defendant on the issue presented, and overruled the motion, on the ground that he had overruled a similar motion by the same defendant, a few days before, in another cause in no way connected with this, and after a hearing extending over three days.  He qualified the bill of exceptions presented by defendant by the statement, that nothing was said by defendant as to whether the testimony now offered would be the same or different from that on the former motion; that he had personal knowledge of the conditions in question; and that each of the panel from which the jury was to be selected had, on examination, disclaimed any prejudice against defendant.  The subsequent trial resulted in a verdict for plaintiff for the sum of $12,000, which the court, on motion for new trial, reduced to $6000.  Held, that no error appeared in the refusal of the court to hear evidence in support of the motion and in overruling it without hearing same.  (P. 3.)

4.—Change of Venue—Hearing—Statute.

The requirement of the statute that the issue raised on a controverted motion for change of venue "shall be tried by the judge" (Rev. Stats., 1911, arts. 1912, 1913; Stats., 1895, arts. 1271, 1272) does not necessarily mean that the issue shall be tried at the same term of court in every case in which the party raises the question.  (P. 3.)

Vol. 106-1.

Error to the Court of Civil Appeals, Fourth District, in an appeal from Bexar County.

Freeman, Receiver, appealed from a judgment recovered against him at suit of Ortiz, and obtained writ of error on its affirmance.

*John M. King, F. C. Davis,* and *Hicks & Hicks,* for plaintiff in error. —When an application for change of venue is made in strict compliance with article 1271 of the Revised Statutes, "the same shall be granted" as a matter of right, unless the credibility or means of knowledge of the persons swearing to said application, or the truth of the facts alleged therein, are controverted by the affidavit of a credible person. When the application is controverted and the issue formed in the manner provided by the statute, it is the duty of the trial court to hear evidence and determine "the issue thus formed" as the law and facts shall warrant. Revised Statutes of 1895, arts. 1271, 1272; G., H. & S. A. Ry. Co. v. Nicholson, 57 S. W., 693; G., H. & S. A. Ry. Co. v. Miller, 57 S. W., 702; G., H. & S. A. Ry. Co. v. Bernard, 57 S. W., 686; Ellis v. Stearns, 27 S. W., 222; Gallagher v. State, 50 S. W., 392; Meyers v. State, 48 S. W., 817.

*Wilson, Dabney & King* and *Cobbs, Eskridge & Cobbs,* also filed printed argument for plaintiff in error.

*Anderson & Belden, Perry J. Lewis,* and *H. C. Carter,* for defendant in error, cited: Duckworth v. State (Ark.), 111 S. W., 268; Millison v. Holmes, Smith, 55; Story v. Ulman, 41 Atl., 120; 16 Cyc., 851; Schattschneider v. Johnson, 39 Wis., 389; 4 Enc. Pl. and Pr., 451.

MR. JUSTICE PHILLIPS delivered the opinion of the court.

The question for decision in this case is the correctness of the action of the trial court in refusing to hear an application for a change of venue made by the defendant in the terms of the statute and duly contested by the plaintiff. It appears that a few days before, in another case against the same defendant, in which he was represented by the same counsel, a full hearing of a like application therein made by the defendant was had by the court, extending over a period of three days, at which the testimony of twenty-one witnesses in behalf of the application was adduced, which, at the conclusion of the hearing, was overruled. When the application in the present case was presented the defendant's counsel made no statement as to whether the testimony to be offered in its support would be the same or different from that submitted at the previous hearing. Under this situation the trial judge felt justified in refusing to hear the application and declined to do so.

The right to a hearing is fundamental, and as administered in the courts requires, when duly tendered, a judicial examination of every issue that according to established procedure may affect the attainment of a legal trial, and in such a trial determine the cause according to law. Because of a jealous concern that every cause be determined upon

its own merits and to preserve the rights of parties from the hazard of a decision upon other than sufficient proof then and there legally adduced, the court is confined to the testimony presented and may not by any means of judicial knowledge consult the facts of another case in arriving at its judgment.

This is a safe and wholesome rule, but in its very nature it relates to a trial of the issues in a case. It is not conclusive of the right or duty of the court in the determination of a matter that in nowise involves the merits or their trial, but concerns, solely, a condition which affects a party generally, and his obtaining a fair trial, not merely in the particular case, but in any case. The decision of a question of that character, as applied to a given time, necessarily determines it for such time with reference to any trial to which he may be a party, unless it be shown that by reason of further or different proof, proposed to be offered, the court's decision of the question in relation to a later trial will, upon another hearing, be different. Because a party can not be denied a hearing in such a matter, where it is duly presented, it does not follow that he is entitled to an immediate second hearing in the same court in virtue alone of its being invoked with reference to another case. Such a question is apart from the case and not of it. Its trial is in no sense a trial of the case, but is had for the purpose of the court's determining whether it will try the case. It is not to be confused with the issues of the case, and therefore falls without the rule referred to.

The requirement of the statute that the court shall try the issue formed by an application to change the venue and a contest thereof, does not necessarily mean that the issue shall be tried at the same term of court in every case in which the party raises the question. This is apparent from the nature of the issue and its adjudication. In its order or judgment the court determines the status of the public mind in the county at that time toward the particular party plaintiff or defendant. It is not an adjudication of its status toward him in respect only to the trial of the case in which the application is filed, but that in such county he can or can not then obtain a fair and impartial trial, that is, such a trial in any case. If a similar application is made in the same court by the same party in another case a few days later, with no proposal to submit any further or different proof from that just heard by the court and upon which after an extended hearing it has determined the question, is the court required to again hear and determine it? We think not. If so it would be required to formally hear a third application, or a fourth, upon the same proof, and in every case during the term at which the party might interpose it, to the obstruction of its business and the abuse of its powers. If upon the presentation of the subsequent application it is proposed to offer additional or different proof from that upon which the court acted in the previous hearing, it would be the undoubted duty of the court to hear the application, because of a possibly different result on that account. But where this is not done, a hearing by the same court of the same question at what amounts to the same time amply secures to the party every right he

can justly claim. Here, the defendant did not propose to offer any further or different proof than that submitted at the previous hearing had only a few days before, and under any view he is not shown to have suffered any substantial injury.

The judgment of the Court of Civil Appeals and that of the District Court are accordingly affirmed.

*Affirmed.*