Kenneth Franklin RUTHERFORD, Appellant,

v.

Nancy Lee RUTHERFORD, Appellee.

No. 8787.

Court of Civil Appeals of Texas, Amarillo.

Aug. 1, 1977.

Rehearing Denied Aug. 29, 1977.

Bob Huff & Associates, J. Don Reese and Robert E. Teel, Lubbock, for appellant.

Brock, Waters & Galey, C. Ray Fargason, Lubbock, for appellee.

REYNOLDS, Justice.

The question central to this appeal from that part of a divorce decree dividing the

estate of the parties is whether the court, who heard only a part of the evidence pertaining to the property, reversibly erred in ordering a division of the community property without the benefit of the rest of the evidence heard by another judge acting under Rule 330, Texas Rules of Civil Procedure. We answer the question in the affirmative. Reversed and remanded.

In May of 1974, Kenneth Franklin Rutherford instituted this suit in the 137th Judicial District Court of Lubbock County. He sought a divorce from Nancy Lee Rutherford, who he alleged should be appointed managing conservator of their minor children with provision for his contribution to their support, and an equitable division of their community property. Nancy answered and cross-actioned for a divorce, appointment as managing conservator of the children, temporary support, an equitable award of a substantial portion of all property, reasonable attorney's fees, an order for Kenneth to show cause why he should not file a sworn inventory and appraisal of all property owned by the parties, and a temporary restraining order to prevent Kenneth from disposing, secreting or encumbering the community property.

Thereafter and into August of 1975, a series of temporary orders was entered by Judge Robert C. Wright, the presiding Judge of the 137th District Court, and by another district judge sitting pursuant to the provisions of Rule 330, Texas Rules of Civil Procedure. In the main, these orders regulated the conservatorship of the children, temporary support and preservation of the community property.

Beginning in August and extending into November of 1975, three hearings on preliminary matters were held by Judge E. H. Boedeker, Judge of the County Court at Law No. 1 of Lubbock County, acting under Rule 330, T.R.C.P.[1] On 13 January 1976, Judge Boedeker heard the evidence on the merits of the cause. In this hearing, the parties disagreed as to the values of numerous items of their property, and pursued the matter of ownership of some other items. Following the hearing, Judge Boedeker made known the judgment he would render.

Approximately one hour before Judge Boedeker was to sign his judgment on 24 May 1976, Judge Wright began a hearing on Nancy's motion to reopen the evidence. Kenneth objected and moved that the new evidence, if any, be heard by Judge Boedeker. Judge Wright carried both motions pending a hearing of the evidence offered. As far as it pertained to property, the evidence heard by Judge Wright concerned the sale of one item of realty, and the offer for another tract, for more than Kenneth's sworn appraisal of the properties, the outstanding 1974 income tax liability and whether there would be a tax liability for 1975, and an inquiry into the sufficiency of the itemization of the total of the accounts payable reported by Kenneth.

Judge Boedeker testified in this hearing that he heard the evidence offered on these matters. When asked if this was new evidence, he replied, "Not to me."

Judge Wright granted Nancy's motion to reopen the evidence and denied Kenneth's motion to have the evidence heard by Judge Boedeker. He ordered "that the testimony developed today in connection with the two Motions filed by the parties before the Court be made a part of the record in the merit case that the Court will now consider." At Kenneth's request to put forth testimony heard by Judge Boedeker on the issue of the apportionment to be made of the property, Judge Wright, remarking that "additional testimony may be required, but I think we can best get at it in this manner," instructed counsel, because of their familiarity with the status of the property,

---

1. Tex.Laws 1973, ch. 532 at 1381, vested the County Court at Law No. 1 of Lubbock County with civil jurisdiction concurrent with that of the district courts in Lubbock County in ". . . all divorce . . . cases, including the adjustment of property rights and custody and support of minor children involved therein, alimony pending final hearing, and any and every other matter incident to divorce . . . proceedings . . ." Vernon's Ann.Civ.St. art. 1970–340, § 2a (Supp. 1976–77).

to "set forth your proposals as to a fair, just and equitable division of the property . . . so that we may have before the Court your respective divisions and proposals of the division of the property based upon the evidence that has been produced and of which you are each well familiar." Counsel submitted their written proposals which illustrated the parties' disagreement over the values of many of the items of property as well as the total value of the estate.

On 9 September 1976, Judge Wright signed the final judgment, beginning with this recitation: "On the 13th day of January, 1976, trial on the merits was held in this cause." The judgment decrees a dissolution of the marriage, appoints conservators and provides support for the minor children, and makes a division of the community property. The judgment enumerates sixty-seven separate categories and items of community property without the assignment of a value to any item.

Kenneth appeals. His second point of error is that Judge Wright committed reversible error in dividing the property without hearing all of the evidence as to the value of the property. Included in his brief are assertions that the statement of evidence heard by Judge Boedeker was prepared during December, 1976, and, therefore, the evidence could not have been accessible to Judge Wright.[2] Because Kenneth's assertions have been neither replied to nor challenged by Nancy, they are accepted as correctly establishing these facts. Rule 419, T.R.C.P.; *Campbell v. Campbell*, 477 S.W.2d 376, 378 (Tex.Civ.App.—Amarillo 1972, no writ).

In paragraph (e) of Rule 330, T.R.C.P., is the provision that in those counties where there are two or more district courts having civil jurisdiction,

. . . the judges of such courts may, in their discretion, exchange benches or districts from time to time,

and, as provided in paragraph (g) of the rule,

. . . any judge may hear any part of any case or proceeding pending in any of said courts and determine the same, or may hear and determine any question in any case, and any other judge may complete the hearing and render judgment in the case.

Evident from the rule is the intent that the judge who hears only a part of the cause is to determine the question(s) involved in that hearing, the resolution of which may, or may not, be utilized in rendering the final judgment. There is, however, no authorization in the rule for a judge to hear and consider only a part of the evidence adduced on an unresolved question and then render a final judgment on that question. Nor is there, except in a few situations different from the one presented here, such authority elsewhere in the law, particularly in the law governing the adjudication of property rights upon the dissolution of a marriage.

It is the law that the court shall, upon decreeing a divorce, divide the estate of the parties in a manner the court deems just and right, having due regard for the rights of each party and any children of the marriage. V.T.C.A., Family Code § 3.63. In dividing the estate, the court has wide discretion, *Cockerham v. Cockerham*, 527 S.W.2d 162, 173 (Tex.1975), but Article I, § 19, of the Texas Constitution mandates that no citizen of this State shall be deprived of property except by the due course of the law of the land, which includes the opportunity to be heard. *Steddum v. Kirby Lumber Co.*, 110 Tex. 513, 221 S.W. 920, 921 (1920). The right to a hearing is fundamental and, as administered in the courts, requires an examination and determination of every legal issue according to law. *Freeman v. Ortiz*, 106 Tex. 1, 153 S.W. 304 (1913). To this end, a judgment in a court of record, except in those situations not material here, must be founded on sufficient facts, legally ascertained, *McConkey v. Henderson*, 24 Tex. 212, 214 (1859); and,

---

2. The evidence heard by Judge Boedeker is certified to have been transcribed on 14 December 1976.

in arriving at a just and right division of the estate of the parties as required by V.T.C.A., Family Code § 3.63, the court *shall consider all the facts and circumstances shown by the evidence.* *Hailey v. Hailey*, 160 Tex. 372, 331 S.W.2d 299, 302 (1960). Thus, the adjudication of one's property rights must be based on a consideration of all, rather than on a part, of the evidence adduced.

Given the established facts, reversible error was committed in rendering the final judgment dividing the estate of the parties without a consideration of all of the evidence adduced on the matter. Accordingly, Kenneth's second point is sustained. In view thereof, we do not entertain his other two points.

That part of the judgment dividing the estate of the parties is reversed, and this part of the cause of action is remanded. There being no appeal from the remaining portion of the judgment, it remains undisturbed.