**Clarence Gayle GARNER, Appellant,**

v.

**Nell M. GARNER, Appellee.**

**No. 5134.**

Court of Civil Appeals of Texas, Eastland.

June 15, 1978.

Rehearing Denied July 6, 1978.

Richard D. Coan; Coan. Allen & Terrill, Stephenville, for appellant.

Keith Woodley; Sudderth, Woodley & Dudley, Comanche, for appellee.

RALEIGH BROWN, Justice.

Nell M. Garner sued Clarence Gayle Garner seeking divorce and division of property. Following a nonjury trial, the court entered its judgment divorcing the parties and dividing the property. Clarence Gayle Garner appeals. We dismiss the appeal.

■ In this appeal, appellant seeks to set aside that portion of the judgment relating to a personal judgment over and against him for $10,700. He states specifically, "No appeal is intended as to the divorce itself nor to any other matters involving the community property of the parties." This demonstrates that appellant has accepted certain benefits under the judgment as to the division of the property.

■ As a general rule, an appealing party cannot treat an inseverable portion of a judgment as both right and wrong, and if he has voluntarily accepted the benefits of the judgment, he cannot thereafter prosecute an appeal. *Carle v. Carle,* 149 Tex. 469, 234 S.W.2d 1002 (1950).

The appropriate rule was applied in *Trader v. Trader,* 531 S.W.2d 189 (Tex.Civ.App. —San Antonio 1975, writ dism'd), wherein the court said:

> "We conclude that complaint may not be limited to the trial court's action with regard to one part of property division where other parts are accepted as the property division must be considered as a whole . . ."

See also: *Roye v. Roye,* 531 S.W.2d 242 (Tex.Civ.App.—Tyler 1975, no writ); *Clark v. Clark,* 362 S.W.2d 655 (Tex.Civ.App.— Houston 1962, no writ); *Nixon v. Nixon,* 348 S.W.2d 438 (Tex.Civ.App.—Houston 1961, writ dism'd).

The appeal is dismissed.