**In the Matter of the MARRIAGE OF Kenneth RUTHERFORD and Nancy Lee Rutherford.**

**No. 9216.**

Court of Civil Appeals of Texas, Amarillo.

March 31, 1981.

Rehearing Denied April 29, 1981.

Vickers, Purdom & Nelson, Thomas J. Purdom, Lubbock, for appellant.

Brock, Waters & Pigg, Ralph Brock, Brown, Harding, Fargason & Brown, Ray Fargason, Galey & Cummings, Lubbock, for appellee.

DODSON, Justice.

In this divorce proceeding, Kenneth Rutherford is the appellant and Nancy Lee Rutherford is the appellee. Mr. Rutherford appeals from a judgment rendered by the trial court on 20 September 1979. After reviewing the record, the parties' conten-, tions, the arguments and authorities presented by the parties, and the applicable legal and equity standards, we affirm the judgment.

To focus on the issues presented by this appeal, we deem it necessary to state several pertinent matters which have occurred in this action. On 17 May 1974, Mr. Rutherford instituted this action by filing his original petition in 137th District Court for Lubbock County, Texas. In his original petition, he sought a divorce from Mrs. Rutherford and requested that she be appointed managing conservator of their minor children with provisions for his support of the children, and an equitable division of the parties' community estate.

On 21 May 1974, Mrs. Rutherford answered and cross-actioned for a divorce, appointment as managing conservator or the children, temporary support, an equitable award of a substantial portion of all property, reasonable attorney's fees, an order for Mr. Rutherford to show cause why he should not file a sworn inventory and appraisal of all property owned by the parties, and a temporary restraining order to prevent Mr. Rutherford from disposing, secret-ing or encumbering the community property.

The Honorable Robert C. Wright was and is the presiding judge of the 137th District Court in and for Lubbock County, Texas. On 9 September 1976, Judge Wright rendered judgment in this action. The judgment decreed a dissolution of the marriage, appointed conservators, provided for support of the minor children, and made a division of the community property. The judgment set forth sixty-seven separate categories and items of community property. Being dissatisfied with the court's property division, Mr. Rutherford appealed from the judgment to this court. On 1 August 1977, this court reversed the judgment and remanded the action to the trial court. *Rutherford v. Rutherford*, 554 S.W.2d 829, 832 (Tex.Civ.App.—Amarillo 1977, no writ).

In Mr. Rutherford's appeal from the 9 September 1976 judgment, the central question presented, the answer thereto, and the court's disposition thereof is stated in the opinion as follows:

> The question central to this appeal from that part of a divorce decree dividing the estate of the parties is whether the court, who heard only a part of the evidence pertaining to the property, reversibly erred in ordering a division of the community property without the benefit of the rest of the evidence heard by another judge acting under Rule 330, Texas Rules of Civil Procedure. We answer the question in the affirmative. Reversed and remanded.

554 S.W.2d at 829–30.

After the action was remanded to the trial court, Mr. Rutherford filed an amended original petition seeking, among other things, a division of the estate of the parties "in a manner that the court deems just and right as provided by law." Responding by a supplemental answer, Mrs. Rutherford alleged that the judgment of the court dated 9 September 1976 partitioned and divided the community property of the parties fully and completely; that Mr. Rutherford en-

tered into possession of the property awarded to him under the judgment, accepted possession thereof, dealt with such property as if he were the owner thereof pursuant to the terms of the judgment, and accepted such property in accordance with the judgment; that by his actions, he partitioned and divided the estate of the parties as of 9 September 1976; and that he is therefore precluded from denying such partition and division by way of estoppel, ratification, waiver and acceptance.

On 20 February 1979, the court proceeded to trial with a jury. The jury found, *inter alia*, that by his acts, conduct and treatment of and toward the property, real and personal, awarded and set aside to him in the 9 September 1976 judgment, Mr. Rutherford accepted benefits from such judgment. On 20 September 1979, the court rendered a judgment which provides, among other things, that "the division of the property heretofore made in the judgment of this court dated September 9, 1976 be and the same is hereby confirmed in all its terms and provisions and the Petitioner and Respondent are each ordered and directed to comply therewith." Mr. Rutherford appeals from the 20 September 1979 judgment.

Mr. Rutherford brings twenty points of error. In his sixth point of error he maintains, "The District Court erred in its finding in the Judgment appealed from that the prior Judgment entered September 9, 1976, which was appealed from and reversed was a valid Judgment and binding upon the Petitioner." By his ninth point of error, he claims, "The District Court erred in ordering, adjudging and decreeing that the Judgment of the District Court dated September 9, 1976 should be and was confirmed in all of its terms and provisions."

The record before us reflects that in the trial court Mr. Rutherford did not object to the form or substance of the estoppel issue submitted to the jury, as prescribed by Rules 272 and 274 of the Texas Rules of Civil Procedure; accordingly, he makes no such complaints in this court. Furthermore, in this court, he does not challenge the legal and factual sufficiency of the evidence to support the jury's finding on such issue.

█ It is a well-settled principle of equity that one who voluntarily accepts and enjoys the fruits and benefits of a judgment is estopped thereafter to deny its validity or assert its invalidity. See *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002, 1004 (1950); *Garner v. Garner*, 567 S.W.2d 281 (Tex.Civ.App.—Eastland 1978, no writ); *Marshall v. Lockhead*, 245 S.W.2d 307, 308 (Tex.Civ.App.—Waco 1952, writ ref'd n. r. e.); *Lowe v. Johnson*, 259 S.W. 1004, 1005 (Tex.Civ.App.—Beaumont 1924, writ dism'd). The Texas courts have applied this principle to affirm judgments when the asserted invalidity is lack of jurisdiction. *Marshall v. Lockhead*, 245 S.W.2d at 308. It has also been applied when a party attacks only the division of property in a divorce decree or a portion of the property division. *Carle v. Carle*, 234 S.W.2d at 1003–04; *Garner v. Garner*, 567 S.W.2d at 281.

█ The evidence shows that after the trial court rendered the 9 September 1976 judgment, Mr. Rutherford took possession of, exercised control over, and voluntarily sold several items of community property awarded to him in such judgment and used the proceeds of such sales for his sole benefit. In this connection, the record shows that Mr. Rutherford engaged in the following transactions: (1) sold a 1970 GMC 1½ ton truck; (2) sold a 1968 Evinrude boat to his accountant in settlement of a debt; (3) deeded a house to one of his employees as compensation for services; (4) sold 10 acres in Mineral Wells, Texas, and applied the proceeds to some debts and bills; (5) received amounts on notes receivable; and (6) sold an office trailer and applied the proceeds to the debt on the trailer as well as other debts.

Thus, under the circumstances of this case, we conclude that Mr. Rutherford voluntarily accepted benefits of the 9 September 1976 judgment and that he is estopped to deny its validity. Accordingly, we overrule his sixth and ninth points of error.

By his fifteenth point of error, Mr. Rutherford claims, "The District Court erred in its finding that all conveyances by husband to MINNIE LEE RUTHERFORD are subject to the terms and provisions of the Judgment dated September 20, 1979, and the judgment of September 9, 1976, and subject to the liens therein granted to secure payment of obligations of husband." We disagree.

■ The record shows that subsequent to the 9 September 1976 judgment, Mr. Rutherford conveyed to his mother, Minnie Lee Rutherford, certain real property awarded to him in the 9 September 1976 judgment. By supplemental pleadings, Mrs. Rutherford made Minnie Lee Rutherford a party to the action. Minnie Lee Rutherford answered and cross-actioned against Mrs. Rutherford. Although the 20 September 1979 judgment adversely affects Minnie Lee Rutherford's interest in the property conveyed to her by Mr. Rutherford, she does not appeal from the judgment. The record does not show that Mr. Rutherford has any legal standing to challenge the judgment on his mother's behalf. Furthermore, Mr. Rutherford is estopped to deny the validity of the 9 September 1976 judgment. Accordingly, we overrule the fifteenth point of error.

■ In his eighteenth point of error, Mr. Rutherford contends that the trial court erred in awarding attorney's fees under the facts and circumstances of this case. In its judgment of 20 September 1979, the trial court awarded Mrs. Rutherford $3,500 as reasonable attorney's fees. We agree with Mrs. Rutherford that the trial court may, in the exercise of sound discretion, award attorney's fees to a defendant-spouse in a divorce action by virtue of its general equity jurisdiction. *Williams v. Williams*, 537 S.W.2d 107, 111 (Tex.Civ.App.—Tyler 1976, no writ); *Zaruba v. Zaruba*, 498 S.W.2d 695, 700–01 (Tex.Civ.App.—Corpus Christi 1973, writ dism'd); *Hearn v. Hearn*, 449 S.W.2d 141, 144 (Tex.Civ.App.—Tyler 1969, no writ).

■ By his point of error and arguments thereunder, Mr. Rutherford does not contend the trial court abused its discretion, nor does he demonstrate that the court did, in fact, abuse its discretion. After reviewing the record, we conclude that there is ample probative evidence to support the trial court's judgment awarding Mrs. Rutherford $3,500 as reasonable attorney's fees; accordingly, we conclude that the trial court did not abuse its discretion. Mr. Rutherford's eighteenth point of error is therefore overruled.

In summary, we overrule Mr. Rutherford's sixth, ninth, fifteenth and eighteenth points of error. Our disposition of these points of error is dispositive of this appeal. Nevertheless, we have considered the remaining points, and the contentions made thereunder, and conclude that such points and contentions do not present reversible error. Accordingly, the judgment is affirmed.