In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00066-CR
______________________________


JOSHUA LEE BURKETT, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 115th Judicial District Court
Upshur County, Texas
Trial Court No. 13,637


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Chief Justice Morriss


O P I N I O N

            While in prison, Joshua Lee Burkett wrote threatening letters to various judges throughout
the state, including Lauren Parish, judge of the 115th Judicial District Court. Based on his letter to
Judge Parish, Burkett was indicted in that very court for the offense of making a terroristic threat



against her. Burkett pled guilty before a jury and was sentenced to eighty-five years' imprisonment.
            In two points of error, Burkett challenges the sufficiency of the evidence to support his
conviction and the participation of Judge Parish during jury selection. Though we hold the evidence
is sufficient to support Burkett's guilty plea, we reverse and remand for a new trial because
discretionary acts by a disqualified judge created reversible error.
(1)       The Evidence Is Sufficient to Support Burkett's Guilty Plea
            Burkett contends the State did not introduce any evidence to support his plea of guilty, in
violation of Article 1.15 of the Texas Code of Criminal Procedure. We reject this contention
because the relevant provisions of Article 1.15 are inapplicable in this case.
            In felony prosecutions, when a defendant has waived the right to trial by jury and entered a
plea of guilty, Article 1.15 requires the State to introduce evidence into the record showing the guilt
of the defendant. Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon 2004). The State is not required
to introduce such evidence, however, when a guilty plea is taken before a jury. Ex parte Martin, 747
S.W.2d 789, 792 (Tex. Crim. App. 1988); Ex Parte Taylor, 480 S.W.2d 692, 693 (Tex. Crim. App.
1972).
In felony cases a plea of guilty before the jury admits the existence of all necessary
elements to establish guilty, and in such cases, the introduction of testimony by the
State is to enable the jury to intelligently exercise the discretion which the law vests
in them touching the penalty to be assessed. In such cases there is no question of the
sufficiency of the evidence on appeal, or on collateral attack.

Ex parte Williams, 703 S.W.2d 674, 678 (Tex. Crim App. 1986). In this case, Burkett retained his
right to trial by jury and voluntarily entered his plea of guilty in the presence of the jury. Therefore,
he may not complain about the sufficiency of the evidence on appeal. Id.
(2)       Discretionary Acts by a Disqualified Judge Created Reversible Error
            Burkett was charged with making a terroristic threat to Parish and was indicted on that charge
in Parish's court. Parish, appropriately recognizing that she was disqualified from presiding over
Burkett's case, recused herself from further participation. Judge Ben Z. Grant was appointed to
handle the proceedings.
            Before Burkett's trial began, a jury pool was formed from which the jury was selected for
Burkett's trial. Parish administered the oath to that pool and excused potential jurors claiming
disqualification, exemption, or hardship. After a recess, Judge Grant presided over the voir dire and
the remainder of Burkett's trial.
            Burkett contends Parish's participation in his case created reversible error. We agree.
            A judge, who is the injured party in a case, is disqualified from presiding over that case. Tex.
Code Crim. Proc. Ann. art. 30.01 (Vernon Supp. 2005). Both the State and Burkett agree,
correctly, that Parish was disqualified because she was the target of Burkett's threat charged in the
indictment. Parish recognized this and, appropriately, voluntarily recused herself from the case.
            Any discretionary act performed by a disqualified judge is void. On the other hand, a
disqualified judge may perform purely ministerial tasks. Koll v. State, 143 Tex. Crim. 104, 157
S.W.2d 377, 379–80 (1941). The State argues that the actions of Parish were purely ministerial and,
therefore, do not nullify any part of the proceedings below.
            An act is ministerial when the law requires that a duty be performed and leaves nothing to
the exercise of discretion or judgment. Bennet v. Paxson, 932 S.W.2d 81, 83 (Tex. App.—El Paso
1996, no pet.). Discretionary acts are those in which one has the right to determine between two or
more courses of action. Koll, 157 S.W.2d at 380. Simply put, an act which one must perform is
ministerial, while an act which one may perform is discretionary. Examination of the record reveals
that Parish performed some discretionary acts.
            Parish excused certain jurors who claimed an exemption, disqualification, or hardship. A
trial court's decision on whether a juror should be excused from service is discretionary. Skeen v.
Kent, 932 S.W.2d 585, 588 (Tex. App.—Tyler 1995, no pet.). The State contends Parish's acts were
ministerial because neither party objected to any of the excused jurors. The parties do not, however,
have the power to excuse jurors even if by consent. The power to excuse jurors lies solely within
the discretion of the trial court. Singleton v. State, 881 S.W.2d 207, 213 (Tex. App.—Houston [1st
Dist.] 1994, pet. ref'd); Dickson v. Weingarten, 498 S.W.2d 388, 391 (Tex. Civ. App.—Houston
[14th Dist.] 1973, no pet.).
            A judge shall recuse in any proceeding in which the judge's impartiality might reasonably be
questioned. Tex. R. Civ. P. 18b(2)(a). In determining whether a judge's impartiality might be
reasonably questioned so as to require recusal, the proper inquiry is whether a reasonable member
of the public at large, knowing all the facts in the public domain concerning the judge and the case,
would have a reasonable doubt that the judge is actually impartial. Kirby v. Chapman, 917 S.W.2d
902, 908 (Tex. App.—Fort Worth 1996, no pet.). In a case such as this, where a judge is the victim
of the crime for which the defendant is on trial, a reasonable member of the public would have
doubts about that judge's impartiality.
            As noted some years ago, the act of deciding who may serve on a jury is intimately associated
with, and capable of a potent influence on, the trial of a case. Taylor v. State, 81 Tex. Crim. 359,
195 S.W. 1147, 1150 (1917). The deprivations of a defendant's right to a trial before an impartial
judge is a structural defect in the trial mechanism itself. Arizona v. Fulminante, 499 U.S. 279,
309–10 (1991). Structural error is not subject to harmless error analysis. Id.; Cain v. State, 947
S.W.2d 262, 264 (Tex. Crim. App. 1997). Therefore, even if an appellate court is convinced that
a disqualified judge's involvement in a case was harmless, that involvement still requires reversal
of the case.
            Because Burkett's guilty plea was taken before a jury empaneled using a process which was
structurally defective, we reverse the judgment and remand for a new trial.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          June 14, 2006
Date Decided:             July 5, 2006

Publish