Affirmed and Memorandum Opinion filed June 7, 2007








Affirmed and Memorandum Opinion filed June 7, 2007.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00471-CR

____________

 

TONY CANANDUS CURRY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 400th
District Court

Fort Bend County, Texas

Trial Court Cause No. 38,417

 



 

M E M O R A N D U M  O P I N I O N

Appellant Tony Canandus Curry challenges the legal and
factual sufficiency of the evidence supporting his conviction for aggravated
robbery.  We affirm. 

I.  Factual and Procedural
Background








Appellant pleaded guilty to aggravated robbery before the
jury, which found appellant guilty of the charged offense and assessed
punishment at twenty-five years= confinement in the Institutional Division
of the Texas Department of Criminal Justice.  Appellant now asserts the
evidence is legally and factually insufficient to support his conviction.[1]
 Specifically, he challenges
the sufficiency of  the evidence to show that the handgun alleged to have been
used in the robbery was a deadly weapon.  Appellant also contends there is no
evidence to show that the handgun was Aexhibited@ and Aused@ during the robbery. 

II.   Analysis








 In felony prosecutions, when a defendant has waived the
right to trial by jury and entered a guilty plea, the State is required to
introduce evidence showing the guilt of the defendant.[2]
 Tex. Code Crim. Proc. Ann. art.
1.15 (Vernon Supp. 2005).  However, the State is not required to introduce such
evidence when a guilty plea is taken before a jury.   Ex parte Martin,
747 S.W.2d 789, 792 (Tex. Crim. App.1988); Ex Parte Taylor, 480 S.W.2d
692, 693 (Tex. Crim. App. 1972).  When the accused enters a plea of guilty
before the jury in a felony case, he admits the existence of all necessary
elements to establish guilt; the State then introduces evidence to enable the
jury to intelligently exercise its discretion to determine the penalty to be
assessed.  Compare Burkett v. State, 196 S.W.3d 892, 895 (Tex. App.CTexarkana 2006, no
pet.) with Dinnery v. State, 592 S.W.2d 343, 352 (Tex. Crim. App.  1979)
(concluding that a plea of guilty does not authorize conviction in a bench
trial unless there is evidence offered to support the plea and the judgment to
be entered).  In such cases there is no question as to the sufficiency of the
evidence on appeal, or on collateral attack.  Ex parte Williams, 703
S.W.2d 674, 678 (Tex. Crim. App.1986).  In this case, appellant retained his
right to trial by jury and voluntarily entered his guilty plea.  Appellant
makes no claim in this appeal that his guilty plea was made involuntarily or
without knowledge.  Accordingly, appellant=s challenges to
the legal and factual sufficiency of the evidence are without merit.  See Ex
parte Williams, 703 S.W.2d at 678; Burkett, 196 S.W.3d at 894B95 (concluding
appellant could not complain about  the legal and factual sufficiency of the
evidence because he had voluntarily pleaded guilty before the jury).  We
overrule appellant=s two issues and affirm the trial court=s judgment.

 

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed June 7, 2007.

Panel consists of
Chief Justice Hedges, and Justices Frost and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 









[1]  Both parties admit that after appellant was
arraigned for the offense, he pleaded guilty to the offense as stated in the
indictment. 





[2]   Appellant does not assert any violation of article
1.15 of the Texas Code of Criminal Procedure.