In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-453 CR


____________________



JOSHUA CURTIS TINGLER, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 83681






MEMORANDUM OPINION


 Joshua Curtis Tingler appeals the order denying his motion for recusal of the trial
judge. See Tex. R. Civ. P. 18a(f). We affirm.

 Tingler pled guilty to the charge of aggravated robbery and the trial court deferred
adjudication and placed him on community supervision for five years. The State
subsequently filed a motion to revoke Tingler's probation. The trial court adjudicated
Tingler's guilt and sentenced him to thirty years in the Texas Department of Criminal Justice
-Institutional Division. Tingler appealed. The Tenth District Court of Appeals reversed as
to punishment and remanded the case to the trial court for a new punishment hearing. On the
day of the new punishment hearing, Tingler filed a motion to recuse.

 In both criminal and civil cases, motions to recuse a trial judge are governed by rules
18a and 18b of the Texas Rules of Civil Procedure. Tex. R. Civ. P. 18a, 18b; see also
Wesbrook v. State, 29 S.W.3d 103, 120 (Tex. Crim. App. 2000). The grounds upon which
recusal may be based include, among others: (1) when the judge's impartiality might
reasonably be questioned, and (2) when the judge has a personal bias or prejudice concerning
the subject matter of the case or a party. Tex. R. Civ. P. 18b(2)(a),(b). The impartiality of
a trial judge is presumed, and the defendant has the burden of rebutting this presumption. 
See Wesbrook, 29 S.W.3d at 121. Partiality or bias may only be a ground for recusal when
it is of such a nature and extent as to deny the movant due process of law. Kemp v. State, 846
S.W.2d 289, 305 (Tex. Crim. App. 1992). The test is whether a reasonable person, knowing
all of the circumstances involved, would have a reasonable doubt as to the impartiality of the
trial judge. Id.; Burkett v. State, 196 S.W.3d 892, 896 (Tex. App.--Texarkana 2006, no pet.).

 Once a motion to recuse is filed pursuant to Rule 18a of the Texas Rules of Civil
Procedure, the judge must either recuse himself or request the presiding judge of the
administrative judicial district to assign a judge to hear the motion. Tex. R. Civ. P. 18a(c). 
If the judge declines to recuse himself, he must forward an order of referral, the motion, and
all opposing and concurring statements, to the presiding judge of the administrative judicial
district. Tex. R. Civ. P. 18a(d). The presiding judge of the administrative judicial district
must set a hearing on the motion before himself or another judge designed by him. Id. The
party seeking the recusal can appeal the denial of the motion on appeal from the final
judgment. Tex. R. Civ. P. 18a(f). We review the denial of the motion for recusal for an
abuse of discretion. See id. We will not reverse a ruling on the motion if it is within the zone
of reasonable disagreement. Wesbrook, 29 S.W.3d at 120-21.

 Tingler's motion to recuse stated that the trial judge should be subject to recusal
because he ordered extra security for the new punishment hearing as a result of a threat to
the trial judge's life in the event that Tingler was sentenced to the penitentiary. The motion
asserted that under these circumstances, "[the trial judge] is not free to render a decision
based solely on the facts and circumstances of the underlying case." The trial judge declined
to recuse himself and referred the case to the Presiding Judge of the Second Administrative
Judicial Region to appoint a Judge to hear the motion. See Tex. R. Civ. P. 18a(d). The
Presiding Judge of the Second Administrative Judicial Region set a hearing to determine the
motion to recuse and presided over the proceeding. See id. After the hearing, the presiding
judge signed an order denying Tingler's motion to recuse the trial judge. On remand of the
punishment phase, the trial court sentenced Tingler to thirty years in the Texas Department
of Criminal Justice-Institutional Division. 

 Tingler argues on appeal that he is entitled to a new punishment hearing before a
different district judge because the trial judge should have been recused. In support of this
argument, Tingler relies on Burkett v. State, 196 S.W.3d 892, and Stone v. State, No. 05-96-01810-CR, No. 05-96-01811-CR, 1998 Tex. App. LEXIS 3969 (Tex. App.--Dallas July 3,
1998, pet. ref'd) (not designated for publication). In Burkett, Burkett was charged with
making a terroristic threat to the trial judge in a letter. Burkett, 196 S.W.3d at 894. The trial
judge recused herself from participation in the case against Burkett for making the threat. 
Id. at 895. However, the trial judge administered the oath to the jury pool and excused
potential jurors claiming disqualification, exemption, or hardship. Id. Another judge then
presided over the voir dire and remainder of Burkett's trial. Id. The jury sentenced Burkett
to eighty-five years' imprisonment. Id. at 894. Burkett argued the original trial judge's
participation in the case created reversible error. Id. The Sixth District Court of Appeals
reversed the judgment and remanded for a new trial, holding that "where a judge is the victim
of the crime for which the defendant is on trial, a reasonable member of the public would
have doubts about that judge's impartiality." Id. at 896. Tingler relies on Stone only for the
proposition that the argument that defendants could capriciously disqualify judges by
threatening them cannot be made here, when Tingler did not cause the threat to be conveyed
to the judge. See Stone, 1998 Tex. App. LEXIS 3969, at *2. 

 The facts here are distinguishable from those in Burkett. Although there were
allegations that Tingler's mother made the threat against the trial judge, no formal charges
were ever brought against her and the record does not reflect that Tingler even had
knowledge of the threat. Tingler also was not on trial for the threat against the trial judge. 
Tingler's motion is based solely on the trial judge's request for additional security. This fact
alone is not sufficient to rebut the presumption of impartiality. See Wesbrook, 29 S.W.3d at
121. We overrule Tingler's sole issue because we find that a reasonable person, knowing all
of the circumstances involved, would not have a reasonable doubt as to the trial judge's
impartiality. See Kemp, 846 S.W.2d at 305; Burkett, 196 S.W.3d at 896. The trial court did
not abuse its discretion in denying Tingler's motion for recusal.

 AFFIRMED.

 __________________________________

 CHARLES KREGER

 Justice

Submitted on July 12, 2007

Opinion Delivered January 16, 2008

Do not publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.