

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00217-CV

IN RE: JENNIFER RAMIREZ, RELATOR

September 4, 2013

## ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

**Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.**

Pending before the court is the petition of Jennifer Ramirez for relief through a writ of mandamus. Through it, she attacks two orders "that deny Relator's Motion to Dismiss and Motion for New Trial and Relator's Request for De Novo Hearing." The order denying the first two motions was, according to Ramirez, signed on June 22, 2012, by the Honorable Blair Cherry. According to Ramirez, Judge Cherry was sitting as an associate judge for the 137th Judicial District Court. He was allegedly assigned to that bench upon the existing associate judge's decision to recuse himself after trial began. The order denying the latter motion was signed by the Honorable Trey McClendon, district judge of the 137th Judicial District Court, on November 8, 2012. Furthermore, the controversy involves Judge Cherry's decision to proceed with the trial

that his predecessor recessed before deciding to recuse. We deny the petition for the following reasons.

First, this court has no jurisdiction over mandamus proceedings directed against an associate judge. *In re Rooney*, No. 01-12-01135-CV, 2012 WL 6645023, 2012 Tex. App. LEXIS 10539 (Tex. App.–Houston [1st Dist.] December 19, 2012, orig. proceeding); *see* TEX. GOV'T CODE ANN. § 22.221(b)(1) (Vernon 2004) (authorizing a court of appeals to issue writs of mandamus "against a . . . judge of a district or county court" within the court of appeals district). Because Ramirez avers that Judge Cherry was assigned to act and was acting as an associate judge for the 137th District Court when he executed the June 22nd order, we lack jurisdiction to issue a writ of mandamus directed at him.

Second, a writ of mandamus is available when a trial court clearly abuses its discretion and relief on appeal after a final judgment is inadequate. *In re Frank Kent Motor Co.*, 361 S.W.3d 628, 630-31 (Tex. 2012). Furthermore, the burden lies with the relator to establish his entitlement to such relief. *In re Southwestern Bell Telephone Co., L.P.*, 226 S.W.3d 400, 403 (Tex. 2007). While Ramirez attempts to satisfy the first element, she makes no effort to satisfy the second. No authority is cited which illustrates relief by appeal is inadequate in situations like those of which she complains. Nor did Ramirez discuss the considerations mentioned in *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124 (Tex. 2004), which considerations the court deemed pertinent when assessing whether an appeal from the final judgment is a sufficient remedy. *See id.* at 136-37. Thus, the burden imposed on her has not been met.[1]

---

[1] The failure to illustrate why appeal is not an adequate remedy is particularly pertinent to Ramirez' complaint about Judge McClendon's ruling. The latter involved whether Judge Cherry was assigned to act as a district judge or associate judge. Ramirez does not explain how our interlocutory review of that matter is of any importance to the disposition of the trial or rights of the parties. Indeed, if

Third, much of Ramirez' argument is premised upon the supposed bias of the initial associate judge whom Judge Cherry replaced. The allegations of bias are allegedly supported by findings of fact and conclusions of law issued by the initial associate judge long after recusing himself. Yet, those findings and conclusions did not accompany Ramirez' petition or appendix. So, we are not privy to the evidence allegedly underlying important aspects of her argument.

Fourth, while the acts of a disqualified judge are void, *Randolph v. Texaco Exploration and Production, Inc.*, 319 S.W.3d 831, 834 (Tex. App.–El Paso 2010, pet. denied), that is not true of a judge subject to recusal. *Id.* So, Ramirez' citation to an opinion issued by a sister court wherein the trial judge was actually disqualified from presiding over the trial, *i.e. Burkett v. State,* 196 S. W. 3d 892 (Tex. App.–Texarkana 2006, no pet.), does not serve to establish that the initial associate judge here (who was not disqualified but simply recused himself after trial began) was barred from presiding as well.

As for Ramirez' citation to our opinion in *Rutherford v. Rutherford*, 554 S.W.2d 829 (Tex. Civ. App.–Amarillo 1977, no writ), we note that she uses the writing to support her contention that a judge substituting for another after trial began must grant a new trial. Yet, that misinterprets what we actually said in *Rutherford.* There, the second jurist did continue the trial and enter judgment, and we did reverse. But, we did so because the record of the evidence admitted at trial by the original judge was unavailable to the succeeding judge. So, the jurist who ultimately rendered judgment effectively adjudicated the dispute without the ability to consider all the evidence

she was correct and we were to conclude that Judge Cherry was assigned to act as an associate judge that would simply confirm our inability to exercise mandamus jurisdiction over him.

3

presented by the parties, and that was what we found objectionable. *Id.* at 832. Nowhere in *Rutherford* did we suggest that changing judges after trial commenced automatically requires a new trial. More importantly, nothing before us indicates that the circumstances we have here are akin to those in *Rutherford.* While Judge Cherry was assigned to preside over the trial once the initial judge recused, nothing provided by the parties to the mandamus proceeding illustrates that he cannot or will not consider the evidence admitted before his assignment when disposing of the cause.

The petition for writ of mandamus is denied.


Per Curiam