**Lee Edward WRIGHT and Dorothy Joan Wright, Appellants,**

**v.**

**C. E. PHILLIPS d/b/a East Texas Fence Company, Appellee.**

No. 6499.

Court of Civil Appeals of Texas.

Beaumont.

Nov. 30, 1961.

Rehearing Denied Jan. 10, 1962.

**518**

Paul M. Branch, Kilgore, for appellants.

Charles K. Ruth, William D. Winston, Lufkin, for appellee.

McNEILL, Justice.

This suit was instituted by appellee against appellants to recover a balance owing upon a certain installment promissory note, dated September 1, 1959, executed by appellants, payable to the order of appellee over a period of three years, and to foreclose a chattel mortgage securing said note on the property of a certain business known as East Texas Fence Company at Kilgore. An open account was also included in the action. Appellants' sole defense to the action was that as the note and chattel mortgage were parts of a contract entered into by appellee as seller of said business and appellants as purchasers thereof, and since said contract required appellants to purchase all their chain link and cedar fence material from appellee, this contract violated Arts. 7426 and 7428 of the antitrust statutes of our state; consequently the note, chattel mortgage, and open account, as the outgrowth of said contract, are each invalid.

■ Before discussing the merits, we are required to dispose of appellee's motion to strike the statement of facts filed herein on the ground that such statement was neither approved by the trial court nor by appellee. At the time of submission appellee's attorney stated in open court that because of the shortness of time to file the statement of facts, he approved same subject to certain corrections that were to have been made by the court reporter. There was no showing that these corrections were not made nor that the statement filed is inac-

curate. Besides, the statement of facts was filed in this court July 7, 1961, the transcript was filed July 11, 1961, and motion to strike was not filed until September 1, 1961. Rule 404, Texas Rules of Civil Procedure, provides that all motions relating to informalities in the manner of bringing the case into this court shall be filed within 30 days after the filing of the transcript. The question raised being an informality and the motion not having been timely filed, it is overruled. Looney v. Wing, Tex.Civ.App., 195 S.W.2d 557; Strode v. Srygley, Tex. Civ.App., 342 S.W.2d 638.

The facts are undisputed. It appears that appellee at the time of, and for several years before, the sale to appellants was conducting the business of selling and erecting Hurricane chain link and cedar fencing for customers over a fairly large area in East Texas. He had places of business at Tyler, Kilgore and Lufkin and had phone service in his Kilgore office which connected with Longview and Marshall. At the time of the sale to him appellant Lee Wright was manager of the Kilgore business. He had no funds to purchase the business nor credit to carry it on, but appellee felt the weight of the various locations of the business was too heavy upon him and he decided to sell the Kilgore business. So the contract was made between appellants Wright and wife and appellee whereby appellee sold the Kilgore business at the inventory wholesale price which amount was represented by the above described note.

There were numerous clauses in the contract. One such provided that appellants should have the right to continue using the name of the "East Texas Fence Company" in the business. It was agreed that appellants should have the Kilgore trade area composed of the counties of Gregg, Rusk, Harrison, Marion, Upshur, Panola and Camp, and that appellee was not to engage in business in said area. A clause provided that where either was called into the other's area the work might be accomplished by him but the benefit of the contract therefor, except for a commission,

would be transferred to the party whose trade area it was. The contract also provided appellants should buy no materials, merchandise or wares used in the construction of chain link and cedar fences from any source other than the appellee except in cases where appellee could not supply same. It was also agreed that appellants would have the right to buy all other merchandise from any wholesale or discount house on any account then used by appellee other than purchases for chain link fencing and cedar fencing, but in any such case appellants should promptly pay for such purchase and hold appellee harmless on account of using the latter's charge account.

Only appellee testified and his testimony was uncontradicted. He stated that at the request of appellant Lee Wright the clause whereby appellants agreed to buy all their chain link and cedar fencing needs through appellee was inserted in the contract. This clause provided that appellants would pay therefor the wholesale price established from time to time by the Hurricane Fence Company of Houston, a branch of Hurricane Steel Industries, manufacturer of Hurricane fences, plus a 10 percent commission to appellee, and transporting charges. Appellee testified appellants needed this clause since they had no established credit and this arrangement assured them of merchandise for their business. He also testified this clause was to last only until he was paid for the business. Appellee further testified that he took appellant Lee Wright to Houston and introduced him to the steel fence industry and advised him that if he desired he could purchase directly from any such concern. Whether he did any of this, however, is not shown but the testimony showed that appellants purchased material under the contract through appellee in the amount represented by the open account. At conclusion of the trial, the court, sitting without a jury, rendered judgment for appellee for the debts sued upon and foreclosing the mortgage.

Appellants assert that the contract for purchase and sale of said business is void because it violates both Arts. 7426 and 7428, Vernon's Ann.Civ.St., of the antitrust law of this state. In connection with Art. 7426 it is asserted that a trust was formed by the parties involved in the contract "1. To create, or which may tend to create, or carry out restriction in trade or commerce * * *." and in connection with Art. 7428 it is contended that a conspiracy in restraint of trade was created violating the clause, "to refuse to buy from or sell to any other person * * * any article of merchandise * * *." Appellee counters this with the proposition that since the agreement made, in the light of the circumstances testified to, limits the requirement that appellants purchase all fence material from him to a definite business and for a definite time the contract does not violate the statutes mentioned.

The contract confines the Kilgore business sold appellants to a definite trade area but does not expressly limit the purchases agreed to be made by appellants from or through appellee to the needs of the Kilgore business. We think it ambiguous in this respect and the court properly heard testimony thereon. When a contract is capable of two constructions, one of which makes it illegal as being in restraint of trade in violation of the statute forbidding monopolies, and the other construction renders the contract legal, then the construction which is legal will be indulged, since it is presumed that the contracting parties intended no unlawful purpose. Wright v. Southern Ice Co., Tex.Civ.App., 114 S.W.2d 933 (W.R.). When the circumstances of the parties are considered, as well as the testimony of appellee, a fair conclusion is that the contract dealt only with the Kilgore business and it was within the province of the trial court to conclude that the provision of the agreement to purchase all merchandise needed was limited to the business stated. In view of the judgment rendered we conclude that this was the implied finding of the court. Since the trial court found that the agreement to purchase was limited to the needs of the

business involved, the cases of Portland Gasoline Co. v. Superior Marketing Co., 150 Tex. 533, 243 S.W.2d 823; Twaddell v. H. O. Wooten Grocer Co., 130 Tex. 42, 106 S.W.2d 266; and Jones Investment Co. v. Great Atlantic & Pacific Tea Co. (Tex. Com.App.), 65 S.W.2d 495, uphold the contract. It is not unlawful for two persons to agree that one of them will buy from the other exclusively of a given commodity the amount needed or used in a certain business. The effect of this is that the purchaser contracts to buy from seller the amount of a commodity to be measured by that used in the operation of a particular store. Cox, Inc. v. Humble Oil & Ref. Co. (Tex.Com. App.), 16 S.W.2d 285.

■ Appellants rely principally upon Wood v. Texas Ice & Cold Storage Co., Tex.Civ.App., 171 S.W. 497; Grand Prize Distributing Co. of San Antonio v. Gulf Brewing Co., Tex.Civ.App., 267 S.W.2d 906 and Climatic Air Distributors of South Texas v. Climatic Air Sales, Inc. (Tex.), 345 S.W.2d 702. In the case last cited the Supreme Court through Justice Greenhill stated that the granting and accepting of the exclusive right to sell a manufacturer's product within a given territory is made a violation of the antitrust statutes. In the present case no manufacturer was involved. Appellee did not represent nor act for the manufacturer of Hurricane fence. In order to help appellants get started in their own business he undertook to get the merchandise they needed for their business at an agreed price. At a price not set by appellee but by a third party. There was no exclusive territory given appellants by the manufacturer. Only appellee as the seller of the business agreed he would not compete with appellants in the Kilgore trade territory. This is recognized as a lawful restraint. The manufacturer of the Hurricane fence was not prohibited by the contract made from selling merchandise in the Kilgore area. Nor for that matter was appellee, but in such case he would have to transfer the contract, less commission, to appellants. The court in Climatic Air Sales case held the manufacturer-distributor contract invalid since Climatic Air Sales as manufacturer agreed with its distributor that it would turn over to distributor "all inquiries and orders for the above described area received for Climatic Air and that we will refrain from appointing other distributors in the area hereinabove set out during the term of this contract." The following quotation from the Climatic Air Sales case clearly distinguishes it and the other cases cited by appellants from the present one. "The manufacturer (Climatic Sales, Inc.) did not agree to sell to Bland (distributor) all of his output and Bland did not agree to buy from the manufacturer all the air-conditioning units he needed. Rather, as we construe the contract, Bland agreed to purchase for resale air-conditioning units in a specified territory, and the manufacturer by agreement contracted that all of the orders for the sale of the units would be handled by Bland who would be its distributor in the territory." 345 S.W.2d p. 705.

Believing the trial court correctly decided the question involved, we affirm its judgment.