**VAN'S BALLROOM, INC., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 11279.

Court of Civil Appeals of Texas.

Austin.

Dec. 16, 1964.

**624**

Ted Musick, Houston, for appellant.

Waggoner Carr, Atty. Gen., H. Grady Chandler, Cecil C. Rotsch, Asst. Attys. Gen., Austin, for appellee.

HUGHES, Justice.

This suit was filed March 20, 1964, by the State of Texas against Van's Ballroom Inc. and Irving S. Rubin Cafeterias, Inc. to recover taxes, penalties and interest allegedly due under Art. 21.02, Title 122A, Vernon's Ann.Tex.Civ.St.

On April 15, 1964, Cafeterias Inc., answered.

On April 23, 1964, a default judgment was rendered against Van M. Bevill doing business as Van's Ballroom. This judgment recited proper service on Mr. Bevill.

On May 14, 1964, Van's Ballroom Inc. filed a plea of privilege to be sued in Harris County, and subject to the plea of privilege it filed an answer.

On May 18, 1964, the State filed a motion to strike Van's Ballroom Inc. plea of privilege on the ground that it was not filed within the proper time after service of citation, averred to have occurred on March 25, 1964. The State also in said motion moved to strike the original answer filed by Van's Ballroom Inc. on the ground that it was filed subsequent to a default judgment rendered against it on April 23, 1964. This motion, in both respects, was granted by the trial court on June 10, 1964.

On June 18, 1964, Van's Ballroom Inc. filed a motion for new trial. This motion does not appear to have been presented to the trial court as no order regarding it appears in the record.

On July 7, 1964, Van's Ballroom Inc. filed an appeal bond.

On September 3, 1964, Van M. Bevill, styling himself as "one of the defendants" in this cause filed a motion to sever the "Irving S. Rubin's case." from the case, or "judgment as to Van M. Bevill." On the same day, the Court granted this motion severing the State's case against Irving S. Rubin Cafeterias, Inc. from its case against Van's Ballroom, Inc., which order recited that final judgment "had been entered as to Van M. Bevill."

■ The State has filed a motion to dismiss this appeal on the ground, among others, that appellant was not affected by the judgment below and has no right to appeal from it. We grant the motion.

Art. 2249, V.T.C.S. provides, in part, that an appeal may be taken from every final judgment of the District Court in civil cases.

■ No party may appeal from a judgment unless he, or a party with whom he is in privity, is prejudiced or aggrieved by the judgment. Appeal and Error, Tex.Jur. 2d, Secs. 196–7, pp. 468–70.

No judgment has been rendered against appellant. No judgment has been rendered against any party with whom appellant is shown to be in privity.

A judgment has been rendered against Van M. Bevill. He has not appealed. The propriety or validity of such judgment is not before us.

The record does not show that appellant has been prejudiced or aggrieved by the judgment against Mr. Bevill. It, therefore, has no right to appeal therefrom.

This appeal is dismissed.

Appeal dismissed.