Dr. M. J. BUCHELE et al., Appellants,

v.

Earl A. WOODS et al., Appellees.

No. 879.

Court of Civil Appeals of Texas, Tyler.

Sept. 11, 1975.

Doren R. Eskew, Eskew, Brady & Womack, Austin, for appellants.

Ramsey, Ramsey & Smith, San Augustine, Cox, Pakenham & Roady, Houston, Zeleskey, Cornelius, Rogers, Berry & Hallmark, Lufkin, Whitworth & Whitworth, Jasper, James A. Doherty, San Augustine, for appellees.

## PER CURIAM

This matter is before this court on Motions to Dismiss by all parties below except Dr. M. J. Buchele, Thurman Bridges, John Oglesbee, Jr., B. J. Butts and Robert Baker, who purport to appeal from an Agreed Judgment.

The suit was instituted by Woods, et al., taxpayers in the San Augustine Independent School District. The defendants, named in their representative and individual capacities, were the members of the Board of Trustees and the members of the Board of Equalization. Plaintiffs sought to enjoin the School District from putting into effect an allegedly unlawful scheme of taxation for the year 1974.

Before the entry of the Agreed Judgment, Porter Halbert, Dr. N. T. Bennett and Dr. J. M. Martin were elected to the Board of Trustees. The new Board passed a resolution agreeing to a compromise settlement of the litigation on April 17, 1975, by a 4-to-3 vote. The Agreed Judgment recites as follows: that it had been made known to the court that the Board of Trustees by a majority vote accepted the settlement proposal attached to the Judgment; that Bennett and Martin were dismissed as plaintiffs and substituted as defendants; and that Butts and Baker, members of a now-adjourned Board of Equalization, had been nonsuited and were dismissed as defendants. Buchele, Bridges and Oglesbee, individually and as members of the Board of Trustees, attempted to appeal from the Agreed Judgment. Butts and Baker, individually and as former members of the Board of Equalization, have also attempted to appeal.

Motions to dismiss appeal were filed by the San Augustine Independent School District, purporting to act by a majority of its Board of Trustees, and Earl Woods, et al., purporting to represent all plaintiffs below. Movants contend that Buchele, Bridges and Oglesbee lack standing to perfect the appeal because they constitute nothing more than a minority of the Board of Trustees. The motions also stated that Butts and Baker, against whom a nonsuit was taken, have no standing because they are no longer members of the Board of Equalization.

Appellants contend that Buchele, Bridges and Oglesbee were authorized to perfect an appeal from the Agreed Judgment because they actually constitute the "qualified" majority of the seven-member Board of Trustees. They argue that two of the four members who voted to accept the compromise made the basis of the Agreed Judgment were disqualified from voting on the Agreed Judgment. We cannot agree with Appellants' contention. The question of whether the two members who are needed to constitute the majority of the Board were disqualified was not raised in the trial court. That question being one of fact must necessarily be raised in the trial court and cannot be raised for the first time in the appellate court. *Kent v. Smith*, 410 S.W.2d 833, 838 (Tex.Civ.App.—Tyler, 1967, n. w. h.). Therefore, the question of whether some of the trustees were disqualified is not properly before this court; thus, Appellants may not seek any relief on that ground. Since the judgment recites that the compromise settlement and Agreed Judgment were accepted by a majority vote of the Board of Trustees and that the Judgment was approved by the attorney representing the School District, Appellants' at-

tack on the Judgment in the appellate court is futile, and as a result Appellants have no standing to perfect an appeal from the judgment.

Appellants next contend that since they were named as individuals as well as in their representative capacities they have standing to bring the appeal as individually-named defendants. While it is normally true that a party of record is entitled to appellate review, there is the additional requirement that a party's own interest must be prejudiced by the decision before he has standing to appeal. *Van's Ballroom v. Texas*, 385 S.W.2d 623, 624 (Tex.Civ.App.—Austin, 1964, n. w. h.). Here Appellants have not been aggrieved by the Judgment in their individual capacities. The Agreed Judgment voided the 1974 tax roll and directed the San Augustine Independent School District to prepare a new one pursuant to the plan set out in the Judgment. Appellants were not named as individuals by the Judgment and no order was entered against them as such. Thus, Appellants have not been ordered to do or refrain from doing anything in their individual capacities. Lacking the necessary requirement of individual prejudice, the Appellants have no standing to appeal.

Furthermore, Appellants lack standing in that the San Augustine Board of Trustees in their representative capacity was the true party defendant in interest. The trustees of an independent school district constitute a body corporate and in the name of the school district may sue or be sued. Tex.Educ.Code, Sec. 23.26(a). The Board of Trustees being a body corporate, the members of that Board can perform no valid act except as a body at meetings properly convened. *Toyah Independent School District v. Pecos-Barstow Independent School District*, 466 S.W.2d 377, 380 (Tex.Civ.App.—San Antonio, 1971, n. w. h.). The sole relief sought by the plaintiffs was to void the 1974 tax roll and substitute a new tax plan. The Appellants in their individual capacity lacked any authority to carry out any taxing plan. Thus, the Board itself in its representative capacity was the sole defendant in interest. The Board did not appeal the entry of the Agreed Judgment, and Appellants as individuals cannot appeal on behalf of that Board. *Manning v. State*, 423 S.W.2d 406, 409 (Tex.Civ.App.—Austin, 1967, writ ref'd n. r. e.).

Appellants contend that Butts and Baker have standing both as former representatives of the Board of Equalization and as individuals. We disagree. Persons have no appealable interest in matters involving their representative capacity after their removal or the expiration of their authority. *Fortson v. Golden State Mutual Life Insurance Co.*, 398 S.W.2d 437, 438 (Tex.Civ.App.—Houston, 1966, n. w. h.). Further, Butts and Baker cannot appeal as individuals because, having sought no affirmative relief, and having been nonsuited pursuant to Rule 164, T.R.C.P., they were no longer parties to the suit and could not perfect an appeal. See *Thumann v. Cooper Land Co.*, 405 S.W.2d 791, 793 (Tex.Civ.App.—Eastland, 1966, n. w. h.).

Lastly, Appellants contend that by failure to file the motions to dismiss appeal within 30 days after the filing of the transcript that Woods, et al., and the Board of Trustees have waived any objections contained therein under Rules 404 and 405, T.R.C.P. This contention is without merit. Rule 404 concerns motions relating to informalities in the manner of bringing a case into a Court of Civil Appeals. Said rule concerns motions which are procedural in nature, e. g., motions to strike statement of facts on grounds that statement was not approved by the trial court, *Wright v. Phillips*, 353 S.W.2d 517 (Tex.Civ.App.—Beaumont, 1962, writ ref'd n. r. e.); or motion to dismiss on grounds of defects of substance or form in an appeal bond, *Pfeffer v. Meissner*, 286 S.W.2d 241 (Tex.Civ.App.—Galveston, 1956, writ ref'd n. r. e.). Further, Rule 405 applies to motions to dismiss for want of jurisdiction and requires such motions to be filed within the 30-day period but goes

on to say, " * * * provided, however, if made afterwards they may be entertained by the court upon such terms as the court may deem just and proper." Rule 404 does not apply in this case and Rule 405, if applicable, does not preclude our consideration of said motions.

The Motions to Dismiss Appeal are granted, and the appeal is dismissed.