**Frances Jackson ROGERS, Appellant,**

**v.**

**David Orman ROGERS, Jr., Appellee.**

**No. 13–90–141–CV.**

Court of Appeals of Texas,
Corpus Christi.

March 14, 1991.

Rehearing Overruled April 11, 1991.

John Robert King, McAllen, for appellant.

John E. Lewis, Lewis, Pettitt & Hinojosa, McAllen, for appellee.

Before NYE, C.J., and HINOJOSA and SEERDEN, JJ.

## OPINION

HINOJOSA, Justice.

This is an appeal from a judgment entered in the divorce of appellant, Frances

Rogers, from appellee, David Rogers. Appellant argues that the judgment, which was intended to be based on an agreed property settlement, was rendered without her consent and is therefore invalid. We agree and reverse and remand.

The marriage between the parties became insupportable and they sought a divorce. Due to a complicated and extensive marital estate, most of the disputes centered upon division of the property. A complex settlement agreement was worked out providing appellee with numerous businesses and appellant with her personal effects, a car, money, and payments of $3500.00 per month for twenty years.

At a hearing, on August 1, 1989, Mr. Lewis, appellee's attorney and Mr. King, appellant's attorney, dictated a settlement agreement to the court reporter.[1] During this hearing, appellee's attorney stated that the parties had reached a settlement, and that the monthly payments would be reasonably secured to the satisfaction of appellant's attorney in a future agreement. Appellant's attorney agreed, and stated that the agreement was contingent on satisfactory security for the $3500.00 monthly payments, but that it would be worked out between them.

Both parties stated under oath that they heard and understood the settlement proposal and agreed to it. The trial court approved the settlement agreement and granted the divorce. The court further stated that it would rely on the lawyers to prepare the appropriate documents.

Subsequently, appellant sent a first draft of the settlement to appellee. In response, appellee proposed two items as security for the monthly payments: (1) a "letter of guarantee" signed by one Elliot B. Bottom, President of First State Bank and Trust Co. in Mission, Texas (This letter is reproduced in Appendix A.); and (2) a lien on certain real property. Appellant's attorney

rejected the letter as security, asserting it was in the form of an unenforceable bank guarantee and it only secured 143 of the 240 payments provided in the settlement.

Appellee filed a motion for signing judgment, and appellant responded with a motion to set aside rendition of judgment. A hearing on both motions was set on December 12, 1989. At the hearing, appellee objected to entry of judgment on several grounds, including insufficient security. On December 28, 1989, the trial court entered judgment nunc pro tunc effective August 1, 1989. The judgment provided appellant the right to accelerate all monthly payments due upon default, and imposed the "letter of guarantee" and the real property as collateral, although appellant did not agree to the security provisions in the court order.

Appellant filed a motion for a new trial arguing that the settlement agreement should be set aside because no agreement on satisfactory security was reached by the parties. In the alternative, she argued that a hearing should be held so she could establish that the security was, in fact, suspect. The motion for new trial was overruled. Appellant then filed an appeal limited to the issue of the adequacy of the security ordered for the $3500.00 payments. See Tex.R.App.P. 40(a)(4).

By appellant's first point of error she complains that the trial court erred in entering the judgment because of her failure to consent to the security appellee offered for the monthly payments. She argues that the settlement agreement was contingent upon the parties agreeing to reasonable security for the payments. Resolution of this question requires us to discuss three issues: (1) whether the judgment entered on August 1, 1989, was, as appellant argues, contingent on a subsequent agreement; (2) whether the trial court erred in rendering a "contingent agreed judgment" on August 1, 1989; and (3) whether the

1. The hearing was originally scheduled as a hearing for the modification of temporary orders. However, immediately prior to the hearing on temporary orders, the parties revealed what was almost a complete property settlement and decided to finalize the divorce that day.

trial court erred in signing and entering the agreed judgment as modified by the court on December 28, 1989, after appellant withdrew her consent.

Appellee argues that the record of the hearing on August 1, 1989, demonstrates that the agreement was complete. His interpretation of the hearing is that the agreement required appellant to accept reasonable security. Appellee claims that the agreement dictated into the record implies that the court would determine what a reasonable security was if they could not agree. Appellant argues that the agreement was contingent, that the contingency failed, and the trial court could not have entered an agreed judgment without her consent on all terms. For that reason she asserts that the entire agreement is unenforceable. At the hearing the following transpired between Mr. Lewis, appellee's attorney, and Mr. King, appellant's attorney:

Mr. Lewis:

> The settlement reached is that the Respondent, Mr. Rogers, and the Petitioner, Mrs. Rogers, that she is to receive the sum of three thousand five hundred dollars a month for the next twenty years however payments—many payments that multiplies out. That is to be secured to the satisfaction of Mr. King, and we are talking about a reasonable satisfaction and security.

.    .    .    .    .

Mr. King:

> Right. Other than that, Your Honor, that is basically our agreement. The main contingency and the main thing Mr. Lewis and I are going to have to work on is to see that we can, in fact, secure those payments satisfactorily. That's the only thing we have hanging out here. We think we can, and we are here to work together on that.

This record establishes that the security for the payments was left open to negotiation. Generally, for a settlement agreement to be enforceable, a minimum requirement is a meeting of minds on all material terms. *H.B. Zachry Co. v. Maerz*, 223 S.W.2d 552, 554 (Tex.Civ.App.—San Antonio 1949, no writ). *See Hernandez v. Telles*, 663 S.W.2d 91, 93 (Tex.App.—El Paso 1983, no writ) (enforceable compromise agreement requires a meeting of minds on all material terms).

■ The agreement dictated into the record on August 1, 1989, did not include the manner in which the 240 payments of $3500.00 per month would be secured. These payments comprised the principal benefit provided to appellee in the agreement. Due to the extended time frame and risk involved, full collateralization of these payments was understandably crucial to appellant. Thus, the question of collateral was a material term in the agreement. We hold that no final and enforceable agreement was entered into the record at the August 1, 1989 hearing because the parties did not agree to all material terms.

A similar question was before this Court in *Leal v. Cortez*, 569 S.W.2d 536 (Tex.Civ. App.—Corpus Christi 1978, no writ). In *Leal*, the parties announced during trial that they had reached a settlement agreement. It was dictated into the record. Before judgment was rendered a dispute arose between the parties regarding an ambiguous term in the agreement. Over objection, the court ruled in favor of one party based on its understanding of the agreement. This Court wrote:

> It is absolutely essential that the parties themselves agree upon *all* the terms, provisions and conditions of the agreed settlement; the trial court has no power to supply terms, provisions or conditions not previously agreed to by the parties; and the trial court is without authority to render an agreed judgment that does not fall strictly within the terms of the agreement dictated into the record by the parties themselves. (Emphasis added).

*Id.* at 538. As the record demonstrates, all of the terms of the settlement were not

agreed to on August 1, 1989. This establishes that the purported contingent settlement agreement was not a complete settlement agreement upon which final judgment could be entered. We hold the trial court had no power to render an agreed judgment at that time. *See id.*

■ We also note that the trial court had no power to enter an agreed judgment *nunc pro tunc*[2] after the hearing on December 14, 1989. Appellant objected to the signing of judgment and informed the trial court of her reasons. There is no dispute that she did not consent to the entry and rendition of final judgment at that time. Thus, her lack of consent was known to the court and this issue was not waived. *Miller v. Miller*, 721 S.W.2d 842, 844 (Tex. 1986).

The law is well settled in Texas that a consent judgment may not be rendered if the consent of any party is lacking at the time the judgment is rendered. In *Leal*, this Court wrote:

> There was no agreement by counsel for plaintiffs to be bound by the judgment of the trial court according to the trial court's understanding of the settlement terms. The court below had no power to alter the agreement or supply additional terms; it only had the power to put the agreement as made by the parties themselves into judgment form. The trial court may not enter a valid consent judgment when consent of one of the parties is lacking.... A judgment by agreement must fall strictly within the stipulations and agreements of the parties.... Where the trial court undertakes to make an agreement of the parties the judgment of the court, and consent is lacking in the case, the judgment of the trial court must be reversed and the cause remanded for a new trial.

*Id.* at 541; *see also Matthews v. Looney*, 132 Tex. 313, 123 S.W.2d 871, 872 (Tex. Comm'n App.1939, opinion adopted).

We find the reasoning applied in *Leal* analogous. The trial court clearly supplied additional terms to the agreement and then imposed its "agreed judgment" on the parties over objection and without consent. Appellant's first point of error is sustained. Due to this ruling we need not address appellant's second point. Tex.R.App.P. 90(a).

■ Appellee raises four defensive arguments in his reply points. His principal argument is that appellant is estopped from appealing because she accepted benefits of the judgment.

The general rule is that a party may not voluntarily accept the benefits of a judgment and attack it on appeal at the same time. *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002, 1004 (1951). There are, however, exceptions to this rule. For example, if economic circumstances compel a party to accept benefits, there is no voluntary acceptance or acquiescence in the judgment, and the estoppel doctrine does not apply. *Haggard v. Haggard*, 550 S.W.2d 374, 376 (Tex.Civ.App.—Dallas 1977, no writ).

In order to consider whether a party is estopped from appealing, the record must reflect the relevant facts showing voluntary acceptance of benefits of the judgment. *Miller v. Miller*, 569 S.W.2d 592, 593 (Tex.Civ.App.—San Antonio 1978, no writ). If the statement of facts does not clearly reflect such acceptance, one appropriate way to develop the record is through affidavits filed in support of a motion relating to informalities in the record, *see Trevino v. Trevino*, 555 S.W.2d 792, 795 (Tex. Civ.App.—Corpus Christi 1977, no writ); Tex.R.App.P. 71.

Statements in pleadings, letters to the trial court, and the briefs filed with this court suggest that appellant accepted substantial benefits from the settlement agreement and the judgment; however, this in-

---

**2.** This is not a true *nunc pro tunc* judgment because it was signed on December 28, 1989. *See Ortiz v. O.J. Beck & Sons, Inc.*, 611 S.W.2d 860, 864 (Tex.Civ.App.—Corpus Christi 1980, no writ) (Per curiam).

formation is not properly within the record. Furthermore, appellee has not filed a motion relating to informalities in the record accompanied by supporting affidavits. Accordingly, we hold that appellee has not clearly established the acceptance of such benefits by the appellant; therefore, appellant is not estopped from bringing this appeal. *Miller*, 569 S.W.2d at 593; *Trevino*, 555 S.W.2d at 795.

Appellee's second reply point is that the trial court did not err in entering the judgment. We have addressed this point above and overrule it. Appellee's third reply point argues that appellant waived any right to a hearing on the reasonableness of the security. This argument is a response to appellant's second point of error. We did not reach this point; thus, it is not necessary for us to discuss this argument.

By appellee's fourth reply point he argues that there was no reversible error because the security was reasonable. We need not address this point because our holding is based upon the principle that a consent judgment may not be rendered without the consent of both parties. Even if the security was "reasonable", appellant objected to the entry of judgment, and the trial court erred in rendering a consent judgment when the parties disagreed about material terms. Appellant was under no duty to accept this security for her monthly payments, particularly when she questioned the enforceability and survivability of the security.

We therefore REVERSE the judgment of the trial court and REMAND for the trial court to divide the property, Tex.Fam. Code Ann. § 3.63 (Vernon 1989), and for further proceedings consistent with this opinion.

**FIRST
STATE BANK
AND TRUST CO.**

M  I  S  S  I  O  N

August 23, 1989

Mrs. Frances Jackson Rogers
McAllen,
Texas  78501

Dear Mrs. Rogers:

Please be advised by this letter that we unconditionally guarantee
the payments of Three Thousand Five Hundred and No/100
($3,500.00) per month to you from David O. Rogers, Jr., in
connection with your recent divorce settlement.

This payment is to begin September 1, 1989, and continue
for one hundred forty-three (143) months.

In order for you to draw on this letter of guarantee in the
event of default, it will be necessary that we receive from you
a signed statement that the monthly payment of $3,500.00 is
fourteen (14) days delinquent.

Yours very truly,

Elliott B. Bottom
President

EBB:cm

P.O. Box 550 Mission, Texas 78572