**Charles L. Black AYCOCK et al., Appellants,**

**v.**

**F.H. PANNILL, Sr., et al., Appellees.**

**No. 11–92–178–CV.**

Court of Appeals of Texas, Eastland.

April 8, 1993.

Order Overruling Motion for Rehearing May 6, 1993.

Robert J. Glasgow, Robert J. Glasgow Law Offices, Stephenville, Charles L. Black Aycock, Houston, for appellants.

Richard D. Coan, Law Offices of Richard D. Coan, Stephenville, John P. Camp, Sr., Camp, Clark & Warren, Fort Worth, John L. Camp, Bay City, Robert E. Hoblit, FDIC Legal Division, Dallas, William Pannill, Pannill & Moser, Houston, for appellees.

## OPINION

ARNOT, Justice.

This appeal results from a suit to partition 3,456.175 surface acres of ranch land in Erath County. Appellees, the Pannills [1] and the Camps,[2] have filed a motion to dismiss the appeal alleging that appellants, the Aycocks,[3] voluntarily accepted the ben-

efits of the trial court's judgment. We dismiss the appeal.

The land in question was originally bought by F.H. Pannill, Sr., in the 1940's. The three families, the Pannills, Camps, and Aycocks, are descendants of William Pannill, a former Chief Justice of this court. A disagreement arose between the families as to the leasing of the ranch. Subsequently, one of the appellees brought a suit to partition the 3,456.175–acre ranch.

An agreement was reached dividing the land into three tracts. By stipulation, 1,280.881 acres were apportioned to the Aycocks, 1,282.932 acres to the Pannills, and 892.362 acres to the Camps. The goal of the agreement was to partition the land in such a way as to assure that each family received a tract of divided acreage equivalent in value to the undivided interest each family currently owned.

However, the stipulation allowed any owner to challenge the agreed partition. If the owner felt that the land allotted to his tract was less in value per acre than the land in the other tracts, evidence could be submitted to the trial court for the determination of whether the tracts needed to be equalized by the addition or subtraction of land.

Appellants asserted that their land was $50 less in value per acre than the other tracts. Evidence was submitted by both sides as to whether the tracts were of equal value. After hearing the evidence, the trial court found that the three tracts were of equal value. Appellants appealed.

After appellants filed this appeal, they changed the locks on the fences enclosing the 1,280.881 acres allotted to their family under the trial court's judgment. The locks on the fences enclosing about 80 acres of the land allotted to appellees, the Camp family, were also changed. Furthermore, appellants then leased both their 1,280.881-acre tract as well as the 80 acres awarded to the Camps. Appellants have

1. F.H. Pannill, Sr., Mary G. Pannill, William P. Pannill, Fitzhugh H. Pannill, Jr., and Mary Lynn Pannill.

2. John L. Camp, Trustee, and John P. Camp, Sr.

3. Charles L. Black Aycock, Adeline P. Aycock, William P. Aycock, and Edward S. Aycock.

withheld the rent to the Camps' land in an interest-bearing account during this appeal.

■ Appellees filed a motion to dismiss appellants' appeal based upon the assertion that appellants had voluntarily accepted substantial benefits under the judgment. The general rule is that a party may not voluntarily accept the benefits of a judgment and attack it on appeal at the same time. *Carle v. Carle*, 234 S.W.2d 1002, 1004 (Tex.1951); *Garner v. Garner*, 567 S.W.2d 281 (Tex.Civ.App.—Eastland 1978, no writ). There are, however, exceptions to this rule. For example, if economic circumstances compel a party to accept benefits, there is no voluntary acceptance or acquiescence in the judgment; and the estoppel doctrine does not apply. *Gonzalez v. Gonzalez*, 614 S.W.2d 203 (Tex.Civ. App.—Eastland 1981, writ dism'd).

■ In order to consider whether a party is estopped from appealing, the record must reflect the relevant facts showing voluntary acceptance of benefits of the judgment. *Miller v. Miller*, 569 S.W.2d 592 (Tex.Civ.App.—San Antonio 1978, no writ).

First, appellants argue that appellees have waived this issue because the motion was not filed within the 30 days following the filing of the transcript. TEX.R.APP.P. 71 provides:

> All motions relating to informalities in the manner of bringing a case into court shall be filed within thirty days after the filing of the transcript in the court of appeals; otherwise the objection shall be considered as waived, if it can be waived by the party.

The transcript in this case was filed on July 6, 1992. On September 25, 1992, appellees filed the motion to dismiss.

■ We disagree with appellants' position. Rule 71 does not apply to this case. See *Governing Board v. Pannill*, 561 S.W.2d 517, 521 (Tex.Civ.App.—Texarkana 1977, writ ref'd n.r.e.); *Buchele v. Woods*, 528 S.W.2d 95 (Tex.Civ.App.—Tyler 1975, no writ). Rule 71 applies to procedural complaints: for example, a motion to strike the statement of facts on grounds that the

statement of facts was not approved by the trial court, see *Wright v. Phillips*, 353 S.W.2d 517 (Tex.Civ.App.—Beaumont 1961, writ ref'd n.r.e.); or a motion to dismiss on grounds of defects in the form of an appeal, see *Pfeffer v. Meissner*, 286 S.W.2d 241 (Tex.Civ.App.—Galveston 1955, writ ref'd n.r.e.).

The acceptance of benefits doctrine, as stated in *Carle v. Carle, supra*, and applied here, is not procedural in nature but rather substantive, based upon a rule of estoppel. If Rule 71 were applicable to the acceptance of benefits doctrine, then it could always be defeated by an appellant who waited the appropriate time before accepting any benefits.

The following two cases have held that a complaint to the acceptance of benefits doctrine was waived under Rule 71 (or its predecessor, TEX.R.CIV.P. 404) by failing to object within the 30–day period. See *Trevino v. Trevino*, 555 S.W.2d 792, 795 (Tex.Civ.App.—Corpus Christi 1977, no writ); *De Lange v. Ogden*, 106 S.W.2d 385 (Tex.Civ.App.—San Antonio 1937, writ dism'd). Further, in *Rogers v. Rogers*, 806 S.W.2d 886 (Tex.App.—Corpus Christi 1991, no writ), the court held that the complaint as to the acceptance of benefits doctrine had not been preserved because the relevant facts were not properly alleged in the record. However, in referring to *Trevino*, the *Rogers* court made a general reference to Rule 71. To the extent that these cases stand for the proposition that the acceptance of benefits doctrine is subject to Rule 71, we disagree with their reasoning and decline to follow them.

■ Next, appellants argue that appellees have waived this issue because the motion was not timely filed pursuant to TEX.R.APP.P. 72, which provides:

> Motions to dismiss for want of jurisdiction to decide the appeal and for such other defects as defeat the jurisdiction in the particular case and which cannot be waived shall also be made, filed and docketed within thirty days after the filing of the transcript in the court of appeals; provided, however, if made afterwards they may be entertained by the

court upon such terms as the court may deem just and proper.

Rule 72 does not apply to this case because the appellees' motion is based on estoppel, not on want of jurisdiction.

Finally, appellants argue that this appeal satisfies an exception to the acceptance of benefits doctrine. In *Carle v. Carle, supra* at 1004, Chief Justice Hickman noted that an exception exists "where the reversal of a judgment *cannot possibly affect* an appellant's right to the benefit secured under a judgment, then an appeal may be taken." (Emphasis added) Appellants maintain that a reversal by this court of the lower court's judgment will not affect their rights to the 1,280.881 acres. We disagree.

■ Appellants' points of error contain "factual insufficiency," as well as "legal insufficiency," complaints. If we were to find error under any of appellants' factual insufficiency points, this court would have to reverse and remand the cause. On remand, appellants' rights to the particular 1,280.881 acres that they have fenced could possibly be affected. On retrial, the trial court might award a different parcel containing 1,280.881 acres or less acreage depending on its redetermination of the value of the land.

Through affidavits attached to their motion to dismiss, appellees assert that various acts of the appellants show that appellants have accepted a substantial benefit from the trial court's judgment.

Following the trial court's judgment, appellants took possession of a 1,280.881–acre tract on the western portion of the ranch. The other two family groups believed that all parties had decided to maintain the status quo pending the outcome of the appeal. Appellants evicted a prior tenant who had been grazing cattle on the ranch with the permission of all the parties prior to the trial of this case. The locks on the fences surrounding the 1,280.881–acre tract were changed in order to exclude entry to the appellees. Locks were also changed on fences enclosing an 80–acre tract that the trial court had awarded to the Camp family.

A new tenant, Mr. Beus, was then given a three-year lease by the Aycocks covering both the 1,280.881–acre tract as well as the 80–acre tract. The Camps did not give the appellants permission to lock them out or to lease the 80–acre tract. Appellants later sent the Camps a key to the 80–acre tract, but informed them that they would hold the rental income from that tract in escrow until "the appeal is determined."

These acts indicate acceptance and ownership of the 1,280.881–acre tract. Appellants' actions are inconsistent with their appeal. The acceptance of benefits doctrine applies; appellants have not shown that they come under any exception. Having accepted substantial benefits under the judgment, appellants are estopped to attack it on appeal.

Accordingly, the appeal is dismissed.

### On Rehearing

■ On motion for rehearing, appellants first question this court's authority to consider affidavits outside the record supporting appellees' motion to dismiss the appeal based on the doctrine of acceptance of benefits under the judgment. Our authority is found in TEX.R.APP.P. 19(d) which provides:

> Motions dependent on facts not apparent in the record and not ex officio known to the court must be supported by affidavits or other satisfactory evidence.

Appellants contend that those affidavits, attached to their motion for rehearing, contain facts that show that they have not accepted benefits under the judgment. Having reviewed those affidavits, we disagree. The motion for rehearing is overruled.