**Jo Elaine Bailey WOODLAND, Appellant,**

v.

**Shirley WISDOM, Appellee.**

**No. 06–97–00083–CV.**

Court of Appeals of Texas,
Texarkana.

Submitted Aug. 14, 1998.

Decided Aug. 17, 1998.

---

George Ivan Alexander, Law Offices Harold F. Curtis, Jr., Greenville, for appellant.

Kirk T. Garner, Alexander & Boswell, Winnsboro, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

GRANT, Justice.

This is an appeal by writ of error. Jo Elaine Bailey Woodland appeals the trial court's post answer default Decree Ordering Partition of real property.

Woodland contends that the trial court erred in partitioning real property without appointing commissioners as required by Rule 761 of the Texas Rules of Civil Procedure. Wisdom responds that this Court is without jurisdiction to entertain Woodland's Petition for Writ of Error because she participated in the trial of the cause and claims that Woodland is estopped from attacking the validity of the judgment because she accepted the benefits of the trial court's judgment.

Woodland sued Barbara Bailey and Shirley Wisdom for partition of a tract of real property and for breach of contract on February 6, 1995. Shirley Wisdom answered and countersued for the same. Woodland answered the countersuit. Bailey moved for summary judgment, which was granted, and she was severed from the suit. However, on December 20, 1996, Wisdom again brought Bailey into the suit as a third-party defendant. According to the trial court's decree, Bailey executed a waiver of citation and did not appear at the partition hearing.

On February 5, 1997, the trial court heard Wisdom's argument for partition of real property. On February 11, 1997, the trial court signed a Decree Ordering Partition and Appointing Receiver. In the decree, the trial court found the following to be the parties' interests in the property.

| Owner | Surface Interest | Mineral Interest |
|---|---|---|
| Shirley Wisdom | 50% | 50% |
| Jo Elaine Bailey Woodland | 50% | 25% |
| Barbara Bailey | 0% | 25% |

The trial court then ordered that the surface and mineral estates be partitioned in kind and that the timber on the property be partitioned by sale. Woodland is before this Court on writ of error appealing the Decree Ordering Partition.

The elements necessary for a review by writ of error are: (1) it must be brought within six months of the date of judgment (2) by a party to the suit (3) who did not participate in the trial, and (4) error must be apparent from the face of the record.[1]

The presence of three of the four required elements is not disputed in the present case. However, Wisdom argues that the third element, nonparticipation in the trial, has not been met and that, therefore, this Court has no jurisdiction to entertain Woodland's Petition for Writ of Error. Further, Wisdom argues that Woodland is estopped from attacking the validity of the judgment because she accepted the benefits of the judgment.

### Participation at Trial

We first address the issue of whether Woodland participated in the trial. It is important to note at the outset that a partition case has two final judgments and that both are appealable as a final judgment.[2] The first judgment determines partitionability and if the property is susceptible to partition in kind, appoints commissioners; the second approves the report of the commis-

---

1. Tex.R.App. P. 45 (Vernon 1997)(now at Tex. R.App. P. 30); *General Elec. Co. v. Falcon Ridge Apartments,* 811 S.W.2d 942, 943 (Tex.1991); *Stubbs v. Stubbs,* 685 S.W.2d 643, 644 (Tex. 1985).

2. *Griffin v. Wolfe,* 610 S.W.2d 466 (Tex.1980).

sioners and allocates to the respective parties their separate shares or tracts.[3]

In the present case, the trial court, in its February 11, 1997, Decree Ordering Partition and Appointing Receiver, determined both partitionability of the property *and* allocated to the parties their separate tracts of property. Woodland filed her Petition for Writ of Error on June 27, appealing the decree. On October 8, both Woodland and Wisdom appeared, and the court entered a Final Judgment, disposing of all remaining claims between the parties. In this second judgment, the trial court stated that "the Judgments and Decrees heretofore signed by this Court merge into this Judgment to become final for all purposes subject to the pending appeals."

There is no dispute that Woodland did not participate in the partition trial which resulted in the first judgment, the Decree Ordering Partition.[4] However, Wisdom argues that the Decree Ordering Partition was interlocutory because it did not dispose of all issues and parties and, therefore, Woodland is actually appealing from the second judgment, the Final Judgment, in which she participated. The thrust of Wisdom's argument is that Woodland's appearance at the second judgment hearing constitutes participation in the decision-making event.

 Wisdom's argument fails. "The trial court's initial decree determining partitionability and appointing commissioners, although often referred to as an interlocutory decree, is a final and appealable order which is conclusive of all matters decreed within it."[5] Therefore, the fact that Woodland participated in the Final Judgment hearing, disposing of all claims between the parties, does not destroy Woodland's right to appeal the

first judgment (the Decree Ordering Partition) by writ of error.

 The issue, then, is not whether Woodland participated in the Final Judgment hearing, but whether she participated in the decision-making event which led to this appeal.

In *Texaco, Inc. v. Central Power & Light Co.*,[6] the Texas Supreme Court stated that "the nature and extent of participation that precludes appeal by writ of error in any particular case is a matter of degree because trial courts decide cases in a wide variety of procedural settings."[7] The question is whether the party participated in the "decision-making event" that resulted in a judgment adjudicating the appellant's rights. In the *Texaco* case, the appellee argued, and the court of appeals agreed, that Texaco participated in the trial by announcing ready for trial and then appearing before the court to announce settlement.[8] The Supreme Court disagreed, stating that, while Texaco's announcement may have been a general appearance, it does not follow that Texaco thereby participated at trial. The Supreme Court also noted that the Legislature has rejected mere appearance in favor of participation at the actual trial as the standard for precluding writ of error appeal.

Wisdom directs us to Woodland's participation in several phases of the present case. Woodland engaged in discovery, participated in a summary judgment hearing prior to the partition trial, and consented to an Agreed Order for Severance and an Agreed Order for Separate Trials. Woodland also filed her answer to Wisdom's counterclaim two weeks before the partition trial. After the partition trial, Woodland filed an Amended Petition and participated in a second summary judgment hearing. She also consented to the

---

**3.** *Thomas v. McNair*, 882 S.W.2d 870, 876 (Tex. App.-Corpus Christi 1994, no writ), *citing Benson v. Fox*, 589 S.W.2d 823, 828 (Tex.Civ.App.-Tyler 1979, no writ).

**4.** The statement of facts reflects that Woodland's attorney was not present at the partition hearing, and the trial court's docket entry shows Wisdom as the only party present. Also, the Decree Ordering Partition states that "Woodland ... did not appear and made default."

**5.** *Yturria v. Kimbro*, 921 S.W.2d 338, 342 (Tex. App.-Corpus Christi 1996, no writ), *citing Griffin v. Wolfe*, 610 S.W.2d 466; *Rayson v. Johns*, 524 S.W.2d 380, 382 (Tex.Civ.App.-Texarkana 1975, writ ref'd n.r.e.).

**6.** 925 S.W.2d 586 (Tex.1996).

**7.** *Id.* at 589.

**8.** *Id.* at 590.

entry of an Order Confirming Receiver's Sale of the timber on the property.

Under the Supreme Court's reasoning in *Texaco*, it is clear that, although Woodland participated in pretrial hearings and discovery, she did not participate in the partition trial which was, for the purposes of this appeal, the decision-making event.

Therefore, Woodland meets the "nonparticipation" element required for appeal by writ of error.

### Error on the Face of the Record

■ Woodland also contends that the fourth element of appeal by writ of error, that the error must be apparent from the face of the record, has been met because the trial court entered the Decree Ordering Partition without appointing commissioners to make the partition as required by Tex.R. Civ. P. 761.

■ Pursuant to Rule 761, the court, upon determining that the property is susceptible to partition, "shall appoint three or more competent and disinterested persons as commissioners to make such partition in accordance with such decree and the law." [9] The appointment of commissioners to make the partition is mandatory.[10] The failure of the court to appoint commissioners as set out in Rule 761 constitutes reversible error.[11]

It is undisputed that the trial court did not follow Rule 761. Therefore, the fourth element required for appeal by writ of error has been met.

### Estoppel

Wisdom argues that Woodland is estopped from attacking the validity of the judgment because she accepted the benefits of the judgment.

The trial court, in its partition order, appointed Burns Forestry as receiver to sell the timber located on the property, with the proceeds of the sale to be split equally between Woodland and Wisdom. The record contains an Order Confirming Receiver's Sale, which sets out the amount each party was to receive from the timber sale. Both Woodland and Wisdom signed this order.

In arguing estoppel, Wisdom emphasizes that Woodland accepted the benefits of the judgment from which she is appealing. Wisdom has included as an appendix an affidavit from Kirk Garner, her attorney at trial and on appeal, stating that Woodland executed a timber deed in favor of Ward Timber Company and that she accepted a check for $23,-850.00 for the timber. The affidavit includes as exhibits the timber deed and the canceled check for timber deposited by Woodland. Neither the canceled check nor the timber deed appear in the record before this Court.

■ In the context of an ordinary appeal, matters outside the appellate record that establish justiciability or the lack thereof, that is, whether an appeal is moot, are plainly cognizable by an appellate court.[12] Therefore, we have authority to consider affidavits in this situation under Tex.R.App. P. 10.2.[13]

■ A litigant cannot treat a judgment as both right and wrong, and if he has voluntarily accepted the benefits of a judgment, he cannot afterward prosecute an appeal therefrom.[14] However, where the appeal cannot possibly affect the appellant's right to the benefit secured under the judgment, an appeal may be taken.[15] Also, the doctrine does

---

9. Tex.R. Civ. P. 761.

10. *Benson v. Fox*, 589 S.W.2d 823 (Tex.Civ.App.-Tyler 1979, no writ); *Bouquet v. Belk*, 376 S.W.2d 361, 362 (Tex.Civ.App.-San Antonio 1964, no writ).

11. *Bouquet*, 376 S.W.2d at 362.

12. *Bloom v. Bloom*, 935 S.W.2d 942, 946 (Tex. App.-San Antonio 1996, no writ).

13. *Id.*; *Aycock v. Pannill*, 853 S.W.2d 161, 164 (Tex.App.-Eastland 1993, writ denied); *see also* Tex. Gov't Code Ann. § 22.220(c) (Vernon 1988)

("Each court of appeals may, on affidavit or otherwise, as the court may determine, ascertain the matters of fact that are necessary to the proper exercise of its jurisdiction.").

14. *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002, 1004 (1950).

15. *Briargrove Park Property Owners, Inc. v. Riner*, 867 S.W.2d 58, 60 (Tex.App.-Texarkana 1993, writ denied).

not apply in cases where economic circumstances compel a party to accept benefits.[16] It is the appellee's burden to prove that the appellant is estopped by the "acceptance of benefits" doctrine.[17]

 Wisdom argues that Woodland accepted the benefits of the judgment by depositing the check for her share of the timber sale proceeds. The check deposited represented benefits from the sale of timber only. Nothing in the record indicates that Woodland has accepted any benefits with respect to the partition of the surface and mineral estates. Therefore, estoppel based on acceptance of benefits applies only to the timber sales.

We sustain Woodland's sole point of error. We are bound by TEX.R.APP. P. 44.1(b) to reverse only that part of a judgment affected by error if that part is separable without unfairness to the parties.[18] Therefore, we sever the portion of the trial court's decree ordering partition in kind of the surface and mineral estates from the portion ordering partition by sale of the timber. That portion of the trial court's decree ordering partition of the timber is affirmed. That portion ordering partition of the surface and mineral estates is reversed and remanded for a new trial.

Rene Guerra, District & County Attorney, Cheryl Hole, Assistant District Attorney, Edinburg, for Appellant.

David Garcia, Law Offices of David Garcia, Edinburg, for Appellee.

16. *Aycock,* 853 S.W.2d at 163.

17. *L.P.D. v. R.C.,* 959 S.W.2d 728, 731 (Tex.App.-Austin 1998, writ denied).

