In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-281 CV


____________________



SHIRLEY ANN LANGSTON, Appellant



V.



ROBERT EUGENE LANGSTON, Appellee






On Appeal from the 75th District Court


Liberty County, Texas


Trial Cause No. CV 68038






MEMORANDUM OPINION





 Shirley Langston appeals from a final judgment dissolving her marriage to Robert
Langston and dividing their property. Shirley contends the trial court erred in the following
respects: determining there was no prior common law marriage; granting the divorce without
the parties' complete agreement; ordering the surrender and destruction of certain
photographs and videos; (1) and ordering Shirley to deposit $80,000 of the money awarded her
into the registry of the court during the pendency of this appeal. 

 The trial court held a hearing at which the parties put on evidence regarding their
agreement on division of the property. A few disputed property issues were submitted to the
trial judge for resolution. After the hearing, Robert filed a motion to enter judgment in which
he stated Shirley had informed him she wished to withdraw her agreement. Yet at the
hearing on Robert's motion, Shirley did not assert there was no agreement; she did object to
the trial court's finding in the proposed judgment that the parties had entered into a "written
agreement as contained herein." The trial judge responded that the agreement was dictated
into the record, and he approved it. Shirley did not withdraw her consent to the agreement
as set forth in the record, and her attorney indicated she was ready to sign the deed to the
property so long as Robert was ordered to turn the agreed amount of $89,300.00 over to her. 
See generally Clanin v. Clanin, 918 S.W.2d 673, 677 (Tex. App.--Fort Worth 1996, no writ)
(no evidence in the record that appellant informed the court he was withdrawing his consent
to the agreement). The trial judge signed an "Agreed Decree of Divorce." Shirley accepted
the $89,300.00, and, minus $9,000 in attorney's fees, gave it away. (2) 

 Robert argues the parties agreed to a division of their debts and of most of their
property, and they submitted only a few contested issues to the court for resolution. 
Divorcing parties may enter into agreements to facilitate property division. See Wilson v.
Uzzel, 953 S.W.2d 384, 388 (Tex. App.--El Paso 1997, no writ); see Tex. Fam. Code. Ann.
§ 7.006 (Vernon 1998). The agreement may be enforced (a) if the agreement is reduced to
writing, signed and filed with the papers as part of the record or (b) if, as here, the agreement
is made in open court and entered of record. See Tex. R. Civ. P. 11. Compliance with Rule
11 satisfies the requirements of a written agreement under Tex. Fam. Code Ann. § 7.006
(Vernon 1998) (formerly section 3.631). See Clanin, 918 S.W.2d at 676-77 (citing
McLendon v. McLendon, 847 S.W.2d 601, 608 (Tex. App.--Dallas 1992, writ denied)). 

 Generally, a party cannot appeal from a judgment to which she has consented or
agreed absent an allegation and proof of fraud, collusion, or misrepresentation. Pillitteri v.
Brown, 165 S.W.3d 715, 718 (Tex. App.--Dallas 2004, no pet.); Gillum v. Republic Health
Corp., 778 S.W.2d 558, 562 (Tex. App.--Dallas 1989, no writ). "The rationale of such a rule
is that a party will not be allowed to complain on appeal of an action or ruling which he
invited or induced." Id. If the parties wish to repudiate the agreement, generally they must
do so before rendition of the judgment. Brynes v. Byrnes, 19 S.W.3d 556, 559 (Tex. App.--Fort Worth 2000, no pet.). However, if the decree contains property division provisions that
the parties did not agree to and which are not in accordance with law, the reviewing court
may reverse the judgment and remand the cause. Keim v. Anderson, 943 S.W.2d 938, 946
(Tex. App.--El Paso 1997, no writ). 

 Shirley relies on Rogers v. Rogers, 806 S.W.2d 886 (Tex. App.--Corpus Christi 1991,
no writ). In Rogers, the court held the property division agreement dictated into the record
failed for lack of a material term because the security for the ordered payments was "left
open to negotiation." Id. at 888. The Rogers court held that "the purported contingent
settlement agreement was not a complete settlement agreement upon which final judgment
could be entered." Id. at 889. Here, there was no agreement at the trial concerning the date
the marriage began, and the trial court heard evidence regarding the contested date. 
Concluding there was no common law marriage, the trial court determined the marriage
began on the date of the civil ceremony in 2001. Shirley argues this ruling, which she says
was erroneous, impacted the "nature and extent of the community estate" and led to a
property division that was not "right and just." Shirley further argues there was no complete
agreement because parts of the property division were agreed and parts were not. 

 However, Shirley does not dispute she accepted the benefits of the judgment. 
Generally, a party who accepts the benefits of a judgment cannot appeal the judgment. Texas
State Bank v. Amaro, 87 S.W.3d 538, 544 (Tex. 2002); Carle v. Carle, 149 Tex. 469, 234
S.W.2d 1002, 1004 (1950). In divorce cases, this doctrine arises when, as here, one spouse
accepts some of the benefits but then tries to appeal the remainder of the judgment. Waite
v. Waite, 150 S.W.3d 797, 803 (Tex. App.--Houston [14th Dist.] 2004, pet. denied). As the
Texas Supreme Court has explained, "A litigant cannot treat a judgment as both right and
wrong, and if he has voluntarily accepted the benefits of a judgment, he cannot afterward
prosecute an appeal therefrom." Carle, 234 S.W.2d at 1004. Shirley cannot accept the
money under the judgment, dispose of the money by placing it out of the reach of the court,
and then file an appeal seeking a different division of the property. (3) We hold Shirley's
acceptance and disposal of the benefits of the judgment estops her from appealing the
judgment. 

 Issues one through four are overruled. The judgment is affirmed.

 AFFIRMED.

 _________________________________

 DAVID GAULTNEY

 Justice

Submitted on January 2, 2006

Opinion Delivered January 19, 2006 


Before McKeithen, C.J., Gaultney, and Horton, JJ.
1. No objection was made below to the trial court's decision to destroy this evidence,
and the issue is therefore not preserved for appeal. Tex. R. App. P. 33.1(a). 
2. Shirley testified she gave the money to her daughters. 
3. The trial court's order to deposit the money into the court's registry is moot.